23077

Samuel H. CARTER, Petitioner, v. R. L. JORDAN OIL COMPANY, INC., Equipment Maintenance and Repairs, Inc., and Fruehauf, Inc., of which R. L. Jordan Oil Company, Inc., is Respondent.

(385 S. E. (2d) 820)

Supreme Court

*John B. White, Jr.,* and *Kenneth C. Anthony, Jr.,* both of *Knie, White & Anthony,* Spartanburg, *for petitioner.*

*James W. Hudgens* and *Michael B. T. Wilkes,* both of the *Ward Law Firm,* Spartanburg, *for respondent.*

Heard May 16, 1989.

Decided Sept. 5, 1989.

*Per Curiam:*

In this negligence action brought by Petitioner Samuel H. Carter (Carter), the Court of Appeals reversed the trial court's denial of a motion for directed verdict made by Respondent R. L. Jordan Oil Company, Inc. (Jordan). We granted a writ of certiorari and now reverse the Court of Appeals.

Reference is had to *Carter v. R. L. Jordan Oil Co.,* 294 S. C. 435, 365 S. E. (2d) 324 (Ct. App. 1988) for the facts of this litigation.

The dispositive issue involves whether the Court of Appeals erred in holding that Carter's witness, Joe Larry Scott, did not testify as to pretrip inspection practices of Jordan's drivers. We view Scott's testimony as supporting an inference that it was each driver's practice to inspect his trailer, including the cotter pin. The evidence also raised an inference that such an inspection had not been made on the morning of the accident. Accordingly, Jordan's negligence was a question for the jury.

It is unnecessary to pass upon the other issues on which certiorari was granted. We do, however, reject the rigid three-prong test formulated by the Court of Appeals concerning one's duty to make inspections. We reaffirm the well established general standard for determination of negligence.

The holding on the issue of Jordan's liability is reversed and the matter remanded to the Court of Appeals for consideration of the punitive damages issue raised by exceptions but not addressed in its previous opinion.

Reversed and remanded.