2042

Pamela S. HARRIS, Personal Representative of the Estate of Aaron S. Harris, Appellant v. ROSE'S STORES, INC., Edgar Gregory, and Dan Skinner, Defendants, of whom Rose's Stores, Inc., is the Respondent.

(433 S.E. (2d) 905)

Court of Appeals

*Barney O. Smith,* of *Parham & Smith,* Greenville, *for appellant.*

*Edward R. Cole,* of *Drennan, Shelor, Cole & Evins,* Spartanburg, *for respondent.*

Submitted June 7, 1993.

Decided July 6, 1993.

GOOLSBY, Judge:

Pamela Harris brought these wrongful death and survival actions under a products liability theory against the respondent Rose's Stores, Inc. Harris alleges a fire in her home that caused the death of her minor son, Aaron Harris, resulted from a defective ceiling fan that Rose's sold to Harris' landlord, the defendant Edgar Gregory. The trial court granted rose's motion for summary judgment on Harris' claim and on a cross claim asserted by Gregory against Rose's. Harris appeals. We affirm.[1]

Harris contends the trial court erred in granting summary judgment to Rose's because she had produced sufficient circumstantial evidence that the ceiling fan, which the fire totally destroyed, was defective and was a substantial contributing cause of the fire. We disagree.

Summary judgment is appropriate where it is clear from the evidence before the trial court that no genuine issue of

---

[1] Because oral argument would not aid the Court in resolving the issues, we decide the case without oral argument.

material fact exists and the moving party is entitled to judgment as a matter of law. *Smith v. T.H. Snipes & Sons, Inc.*, 306 S.C. 289, 411 S.E. (2d) 439 (1992). The trial court should grant summary judgment against a party who has failed to make a showing sufficient to establish the existence of an essential element of that party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed. (2d) 265 (1986). Here, Harris failed to make such a showing.

■ In a products liability case, a plaintiff is required to prove injury as a result of the product; the product, at the time of the accident, was essentially in the same condition as when it left the hands of the defendant; and the injury occurred because the product was in an unreasonably dangerous, defective condition. *Madden v. Cox*, 284 S.C. 574, 328 S.E. (2d) 108 (Ct. App. 1985).

Harris relies on the deposition testimony of her expert witness, Delvin L. Krause,[2] in an effort to establish the elements of her case. Because the fire totally destroyed the fan, Krause was unable to point to any direct evidence that the fan itself was defective and therefore caused the fire. The most Krause could say was that there was a possibility the fan caused the fire; however, he also conceded it was equally as likely that other factors may have started the fire.[3]

■ Causation based upon a possibility rather than a probability is not sufficient for a plaintiff to recover in a products liability case. *Am Law Prod Liab* (3d) § 4:34, at 44 (1987). Since the cause of Harris' injuries may be as reasonably attributed to an act for which rose's is not liable as to

---

[2] Harris also relies on the testimony of a nonexpert witness, Donald Williams; however, Williams was unable to point to the fan as the cause of the fire:

Q: [Mr. Williams,] [i]n your opinion, did the ceiling fan cause the overload you spoke about a minute or two ago?

A: I'm not an electrician. I couldn't—I couldn't have an opinion on that.

[3] Q: Well, Mr. Krause, . . . [w]hat is your opinion as to what most probably caused the fire? Or do you have an opinion as to what most probably caused the fire?

A: I'm trying to assign some sort of percentage points of probability or something to this. It's—I'm—I'm inclined to assign a 50/50 probability of the cause of the fire. . . .

Q: Is there any basis upon which you can now determine what most probably caused the fire, whether it was the fan or whether it was the wiring or whether it was something else?

one for which it is liable, Harris has not met her burden of proof in establishing her injuries were proximately caused by the negligence of Rose's. *Messier v. Adicks*, 251 S.C. 268, 161 S.E. (2d) 845 (1968); *see Brown v. Ford Motor Co.*, 287 F. Supp. 906 (D.C.S.C. 1968) (right of recovery in a products liability case must be predicated on proof, either direct or circumstantial, that there was a defect in the product and that it was reasonably probable that such defect was the cause of the injuries complained of). The trial court's grant of summary judgment was therefore proper. *See Crocker v. Sears Roebuck & Co.*, 346 So. (2d) 921 (Miss. 1977) (where the evidence reveals several possible causes of an accident, it is improper to allow the jury to guess which cause might have been the proximate cause); *cf. Seaside Resorts, Inc. v. Club Car, Inc.*, — S.C. —, 416 S.E. (2d) 655 (Ct. App. 1992) (wherein the court held because plaintiff produced compelling circumstantial evidence to prove a defect existed in a product that had been totally destroyed by fire, the issue as to the cause of the fire was one for the jury).

Affirmed.

SHAW and CURETON, JJ., concur.

---

A: I'm being forced into staying with the—sort of an indeterminate conclusion of—I—I should have thought about this before I—you know, I guess, as to how I was going to prorate this. I'd still have to assign just about equal probability to either the fan overheating *or* the fan motor not operating quite properly *or* a problem in the actual connections where the fan is connected. . . .

Q: But, in your opinion, any of those three possibilities are equally likely?

A: Yes, sir.