## 2323

Elizabeth PATTERSON, Respondent v. Ernestine P. REID, Appellant.
(456 S.E. (2d) 436)

Court of Appeals

*Amy M. Snyder* and *Harry L. Phillips, Jr.*, both of *Haynsworth, Marion, McKay & Guerard*, Greenville, *for appellant.*

*Stuart G. Anderson, Jr.*, of *Anderson, Fayssoux & Chasteen*, Greenville, *for respondent.*

Submitted Mar. 7, 1995.

Decided Mar. 27, 1995.

HOWARD, Judge:

In this negligence action arising out of a car accident, Ernestine P. Reid admitted liability, and the case proceeded to trial on the issue of damages only. The jury awarded the plaintiff, Elizabeth Patterson, actual damages of $500.54. The trial judge granted a new trial *nisi additur* and awarded damages of $7,639.40. Reid moved to amend the judgment, alleging that Patterson waived her right to move for a new trial *nisi additur*. The trial judge denied the motion to amend the judgment. Reid appeals this denial, and she appeals the additur. We affirm.

## I. *Motion to Amend the Judgment*

During the closing arguments, Patterson's attorney stated to the jury "I will not argue with your verdict." Reid contends this statement constitutes a waiver of Patterson's right to move for a new trial *nisi additur.* Initially, we question whether Reid properly preserved this issue. The Record on Appeal contains no contemporaneous or posttrial motion to limit Patterson's recovery based upon closing argument. A memorandum filed in opposition to Patterson's motion for a new trial *nisi additur* only calls the court's attention to the jury statement but does not specifically assert or argue waiver as a basis to deny the additur. Reid does not argue waiver until she files a Rule 59(e) motion, SCRCP. A party cannot for the first time raise an issue by way of a Rule 59(e) motion which could have been raised at trial. *E.g., C.A.H. v. L.H.*, 315 S.C. 389, 434 S.E. (2d) 268 (1993); *Hickman v. Hickman,* 301 S.C. 455, 392 S.E. (2d) 481 (Ct. App. 1990). Nonetheless, we will address the issue.

Arguments of counsel are left largely to the discretion of the trial judge, who is in a much better position to judge their appropriateness. *Lesley v. American Sec. Ins. Co.,* 261 S.C. 178, 199 S.E. (2d) 82 (1973). Here, the statement was more in the nature of advocacy than the intentional relinquishment of a known right, which is required for a waiver. *See Janasik v. Fairway Oaks Villas Horizontal Property Regime,* 307 S.C. 339, 415 S.E. (2d) 384 (1992); *Johnson v. Life & Casualty Ins. Co.,* 191 S.C. 96, 3 S.E. (2d) 805 (1939). Thus, we find the trial judge did not abuse his discretion in denying Reid's motion to amend the judgment.

## II. *Motion for a New Trial Nisi Additur*

A new trial *nisi additur* may be ordered when the verdict is merely inadequate or excessive. *O'Neal v. Bowles,* 314 S.C. 525, 431 S.E. (2d) 555 (1993). Motions for a new trial on the ground of inadequacy of the verdict are addressed to the sound discretion of the trial judge, subject to review on appeal as to whether there has been an abuse of discretion amounting to error of law. *Toole v. Toole,* 260 S.C. 235, 195 S.E. (2d) 389 (1973).

The trial judge found the verdict to be merely insufficient based on the evidence.[1] The evidence consists of conflicting medical testimony as to the origin and extent of Patterson's injuries. Patterson has been injured in another accident fifteen months prior to this accident. Therefore, the aggravation of a pre-existing condition was at issue. Most of the evidence was documentary, consisting of Patterson's medical records. One of Patterson's physicians noted in a written report that some of her symptoms were psychosomatic. Another physician stated in his notes that Patterson's symptoms were not related to her accident. However. Dr. Josette Johnson, the physician still treating Patterson, testified at trial that she diagnosed Patterson as having fibrositis. She further testified that Patterson's fibrositis was "most probably [the result of] her accident." In addition, Dr. Johnson testified that she did not believe Patterson had psychosomatic problems, but instead expected Patterson's pain to remain constant in the near future. Finally, Patterson testified that her pain increased on a scale of 1 to 10 from a 5, due to prior accident, to a 10 after the second accident, and was now stable at an 8. In addition to this increase in permanent pain, Patterson incurred medical expenses of $6,339.40.

Reid asserts the trial judge concluded "that only the live witness testimony of Dr. Josette Johnson was competent evidence for the jury to consider." Reid argues this conclusion amounts to an error of law in the granting of the new trial *nisi additur.* Reid bases this argument on the trial judge's following comments:

> The verdict was inadequate. There's no doubt. That was a verdict where the doctors who had made the prior things never did get the opportunity to say ["]I was wrong, I misjudged it.["] Of course its hard to get them to say that. Just by putting their reports in, them not there to testify, I don't know what a jury might get out of it. If they're not going to believe one expert, they're not going

[1] The trial judge alternately found the verdict to be the result of prejudice and passion. Although neither party appeals this dual finding, we caution the bench and bar that when a party moves for a new trial based on a challenge that the verdict is inadequate, the trial judge must distinguish between awards that are merely inadequate and awards that result from passion, caprice, or prejudice. *Allstate Ins. Co. v. Durham,* 314 S.C. 529, 431 S.E. (2d) 557 (1993).

to believe any of them, and I think it is unfairly too low.

We disagree with Reid's characterization of these statements. They do not reflect a conclusion by the trial judge that any testimony or evidence was incompetent. Rather, these remarks merely exhibit the trial judge's opinion that the written reports added very little to the jury's determination of damages. These comments were made after the jury returned its verdict and during the motion for a new trial *nisi additur.* They were appropriate during the analysis of the evidence, since the consideration of a motion for a new trial *nisi additur* requires the trial judge to consider the adequacy of the verdict in light of the evidence presented. Therefore, no error of law was committed.

We find ample evidence to support the trial court's finding of an insufficient verdict. Therefore, the grant of *nisi additur* was not an abuse of discretion.

Affirmed.

SHAW and GOOLSBY, JJ., concur.