2426

John C. THOMAS, Appellant v. SOUTH CAROLINA DEPARTMENT OF HIGHWAYS AND PUBLIC TRANSPORTATION, Respondent.

(465 S.E. (2d) 578)

Court of Appeals

*James P. Stevens Jr.,* of *Stevens Law Firm,* Loris, *for appellant.*

*Arrigo P. Carotti, John B. McCutcheon, Jr.,* and *Mary Ruth M. Baxter,* all of *McCutcheon, McCutcheon & Baxter,* Conway, *for respondent.*

Heard Nov. 7, 1995.

Decided Dec. 11, 1995.

GOOLSBY, Judge:

John C. Thomas brought this action against the South Carolina Department of Highways and Transportation under the South Carolina Tort Claims Act, S.C. Code Ann. § 15-78-10 (Supp. 1994). A motorist whose motor vehicle registration had been suspended ran over Thomas, severely injuring him. The trial court granted the Department a directed verdict, holding the Department's failure to recover the motorist's license plates and motor vehicle registration was not a proximate cause of Thomas's injuries. The issue on appeal concerns the appropriateness of the trial court's grant of a directed verdict. We affirm.

Viewing the evidence in the light most favorable to Thomas, Thomas was walking home on the shoulder of S.C. Highway 9 outside of Loris, South Carolina, in the early morning hours on April 16, 1990. Samuel Green, driving an uninsured vehicle, ran off the road and hit Thomas. As a result, Thomas lost both his legs and became a paraplegic.

Green had failed to renew his automobile liability insurance policy, allowing it to lapse on October 4, 1989. Pursuant to S.C. Code Ann. § 56-1-40 (Supp. 1994), the insurer had notified the Department Green had become uninsured. The last-cited statute requires the Department on being informed of the lapse or termination of a person's liability insurance "[to] make a reasonable effort to notify the person that his certificate of registration has been suspended and [to] recover the certificate from such person and the motor vehicle registration plates from the vehicles concerned."

The Department had notified Green on October 12, 1989, that because of the cancellation of his insurance policy, his vehicle had been placed on suspension and he needed to come into compliance with the law. After Green failed to comply, the Department listed his name in its suspension bulletin, a computer printout that lists current motor vehicle registration suspensions and is sent out monthly to the Highway Patrol. The Department forwarded the bulletin listing Green's name to the Highway Patrol in either November or December, 1989. As of April 16, 1990, however, the Highway Patrol had not confiscated Green's license tag and car registration.

Before a plaintiff can recover in a negligence action, the plaintiff must prove, among other things, causation in fact. *Bramlette v. Charter-Medical-Columbia*, 302 S.C. 68, 393 S.E. (2d) 914 (1990). Causation in fact is proved by establishing the injury would not have occurred "but for" the defendant's negligence. *Id.*

To establish causation in fact, Thomas was required to present evidence that showed the accident would not have occurred had the Department complied with the statute in question. *See Accordini v. Security Cent., Inc.*, 283 S.C. 16, 320 S.E. (2d) 713 (Ct. App. 1984) (a plaintiff must plead and prove causation in fact to prevail in a negligence case). He failed to do this. There is no evidence at all that even if the Department had taken Green's license tag and car registration, Green, who had a valid driver's license, would not have been negligently operating either the uninsured vehicle or some other vehicle at the time he ran over Thomas. We can only speculate about what he would or would not have done had the Department recovered his license tag and car registration.

Because Thomas failed to present any evidence of a connection between the Department's failure to enforce § 56-10-40 and Green's negligent operation of his automobile, there was no jury issue on the question of causation in fact and the trial court properly directed a verdict in the Department's favor. *See Guillot v. State*, 364 So. (2d) 254 (La. Ct. App. 1978), *writ denied*, 366 So. (2d) 576 (1979) (even assuming the defendants were negligent in failing to seize the driver's license and vehicle plates of the person causing the plaintiff's injuries, the plaintiff could not recover for such negligence under either a proximate cause or duty-risk analysis); *Brumby v. State*, 14 Misch. (2d) 592, 180 N.Y.S. (2d) 71 (Ct. Cl. 1958) (wherein the Bureau of Motor Vehicles allowed a motorist to retain her license plates after cancellation of her insurance and the motorist struck the plaintiff with the tags affixed to her automobile and the court held, relying on *Chikofsky v. State*, 203 Misc. 646, 117 N.Y.S. (2d) 264 (Ct. Cl. 1952), the Bureau's failure to seize the motorist's plates would not have prevented the motorist from operating a motor vehicle on the highway and thus the Bureau's failure to take possession of the plates was not the proximate cause of the plaintiff's injuries).

Affirmed.

HOWELL, C.J., and CURETON, J., concur.