494 S.E.2d 835

**James R. SMALL, Respondent,**

v.

**PIONEER MACHINERY, INC., and**
**Timberjack, Inc., Appellants.**

No. 2748.

Court of Appeals of South Carolina.

Heard Nov. 4, 1997.

Decided Nov. 17, 1997.

Rehearing Denied Jan. 22, 1998.

450

452

454

Robert L. Widener, of McNair Law Firm; and Rebecca Laffitte, of Sowell, Todd, Laffitte, Beard & Watson, Columbia; and Margaret C. Kelsey, of Quarles & Brady, Milwaukee, Wisconsin, for Appellants.

J. Marvin Mullis, Jr. and Frank A. Barton, both of Mullis & Barton, Columbia, for Respondent.

ANDERSON, Judge:

James R. Small (Small) brought this products liability action against the seller of a log skidder, Pioneer Machinery, Inc. (Pioneer), and the manufacturer of the skidder, Timberjack, Inc. (Timberjack), alleging a design defect in the log skidder. The jury returned a verdict in favor of Small in the amount of

$500,000 on theories of strict liability and breach of implied warranty. Pioneer and Timberjack appeal contending the trial court erred in (1) failing to grant their motions for directed verdict; (2) failing to grant their motions for judgment notwithstanding the verdict (JNOV); (3) in admitting opinion testimony; and (4) in admitting certain hearsay testimony. We affirm.

## FACTS/PROCEDURAL BACKGROUND

Small was an experienced and skilled sawyer in the timber industry. He began working in the woods when he was fourteen or fifteen years old. On December 8, 1988, while Small was working in the forest, his chain saw became stuck in a tree when the tree "rocked down" on the saw. Small asked Sylvester Harris (Harris), a co-worker who was operating the log skidder, to help him free his chain saw by pushing against the tree with the skidder until Small could remove the chain saw. This was the normal manner of removing a chain saw on every job on which Small had been employed.

Small told Harris he did not want Harris to push the tree down because he was concerned where it might land. Rather, he told Harris to push it just enough so he could get his saw out. Harris put the blade of the skidder against the tree so he could push it. Harris pushed the tree and Small removed his saw. He then yelled at Harris to let Harris know he had the saw. Small heard the motor "rev up." The tree fell and struck another tree. Small backed up, bumped into something, and was unable to get out of the way of a falling limb from the second tree.

Small filed a complaint alleging the log skidder was defectively designed. He theorized the skidder's defective design caused the throttle to occasionally stick. He claimed the throttle allegedly stuck on the day he was injured. He further maintained the sticking throttle caused the skidder to "surge forward out of control and to push a tree over" onto him. When the case was initially tried, the court directed a verdict in favor of Pioneer and Timberjack. This Court reversed the trial court's decision and remanded the case for a new trial. *See Small v. Pioneer Machinery, Inc.,* 316 S.C. 479, 450 S.E.2d 609 (Ct.App.1994).

Robert K. Taylor (Taylor), a licensed professional engineer, was qualified as an expert witness on behalf of Small. Taylor had reviewed prior deposition and trial testimony of Small and Harris. He related his understanding of the facts as follows:

Mr. Harris put, I believe, the left corner tip of the blade against the tree in order to have a point to push it on and at the same time be able to have as close a view of Mr. Small as he could. And he had the—the skidder in the low, low gear and was beginning—beginning to and was relieving the pressure that the tree had on the saw by pushing against it, and that during that process, the throttle stuck and provided more push than he had planned to do. It's a fairly delicate operation. And that would cause the tree to go past the point of equilibrium rather than staying on the same side of equilibrium, which means that the tree would go over.

Taylor described the design of the skidder's hood and noted some openings in the hood area. Over objection, Taylor opined the design of the skidder was such that debris, such as sticks, twigs or branches, could get into the throttle linkage area thereby causing the throttle to stick. He concluded "the sticking throttle most likely did ... contribute to or cause this accident."

On cross examination, Taylor was asked about Small's testimony he heard the engine of the skidder get louder. Taylor disagreed with the contention the only way this could happen was if Harris was depressing the throttle pedal. Taylor stated it could also happen by depressing the clutch pedal.

Sylvester Harris worked in the logging business most of his life and operated several types of logging equipment. At the time of the accident, he had been driving the Timberjack 240A log skidder for about two months. Before the accident, he had experienced occasional problems with the throttle sticking. Sometimes when Harris lifted his foot off of the pedal, the throttle "pedal wouldn't come back." Debris from the woods collected on and in the skidder. Harris cleaned this debris out of the throttle linkage area daily.

According to Harris, on the day of the accident, Small asked him to use the skidder to push the tree to help release Small's saw. Small told him not to push the tree over. The tree

being cut by Small was leaning toward Harris as he approached it on the skidder. Harris placed the left corner of the skidder blade directly in the center of the tree. He had the skidder in first gear, low range. Because of the size of the tree, he had to give the skidder more throttle and let up off the clutch more so he could push the tree. Harris had the throttle about halfway down and was slipping the clutch as he tried to maneuver the tree. He saw Small had removed the chain saw from the tree before the throttle stuck. On direct examination, Harris described the incident as follows:

> And when I started pushing, he pulled the saw out. And when he started back, I was going to release the tree, but I took my foot off the accelerator and that's when the pedal stuck and the tree—bumped it. It—the skidder bumped it a little too hard and the tree went to fall. . . .

After the accident, Harris was too upset to check the skidder for debris. He worked the rest of the day and did not experience any other problems with the throttle. However, Harris removed debris the next morning. On cross examination, Harris admitted the driver's side door and hand throttle were missing from his log skidder. He further acknowledged neither the service nor parking brakes were operational. Harris described the sticking throttle problem as follows:

> Q. And as I understand this, this problem, what would happen is you would depress the throttle pedal to go and then when you lifted your foot off the pedal, the pedal wouldn't come back with you; is that right?
>
> A. That's correct.
>
>   . . .
>
> Q. Now, this throttle sticking problem that we've heard about, that didn't make the skidder all of a sudden speed up, did it?
>
> A. No, ma'am, it didn't.
>
> Q. Rather, if you picked, let's say, half throttle with your foot, you wanted to go half throttle, you push the throttle down halfway and then you pulled your foot off, the engine would just keep on up there at half throttle right where you left it?
>
> A. It would stay there.

On the day of the accident, Harris had been having problems with the throttle but he did not mention these problems to Small. On cross examination, Harris testified as follows:

Q. All right. So Mr. Small has got his saw, which is what he came there to do, and he starts backing away from the tree. The reason you didn't just push your clutch in at that point was because the tree was already going down; right?

A. Yes.

Q. So the tree's already going and it was then when the tree is already falling that you pulled your foot off the throttle pedal; right?

A. Yes, when it—when it came off from the corner of the blade, that's when I realized it was falling over.

Q. So you're trying to balance this tree, you see Mr. Small, he's got his saw, and the tree starts falling. And the reason you knew the tree was falling was because you could see it pulling away from your dozer blade?

A. That's correct.

Q. And then you pulled your foot off the throttle pedal?

A. Correct.

Q. And that's when you realized that your throttle was stuck; am I right?

A. Correct.

Q. And you didn't take your foot off of the throttle pedal until after you noticed the tree was pushing away from your dozer blade; right?

A. That's correct.

Q. That tree was going to fall anyway, even if your throttle hadn't stuck; am I right?

A. Not right, no.

Q. Explain why I'm wrong.

A. Because if the throttle hadn't stuck, I could have balanced that tree with the clutch and the gas pedal on it. I wouldn't have pushed it as hard as I did.

Q. Okay. Well, I think we have two things going on here, and I really want to make sure that—I don't want to confuse you. I don't want to trick you. I want to make sure we hear exactly what went on there.

A. Right.

Q. So I want to hear your story here, Mr. Harris. We just established that you didn't take your foot off the throttle pedal until the tree was already falling down?

A. Yes, ma'am.

Q. Right? When you—and that would make sense because you wanted to keep your foot on that throttle pedal because that's what was holding that tree up?

A. That's correct.

Q. Okay. And so it wouldn't make sense that if it was starting to fall, what's the point in keeping the throttle pedal on anymore; right?

A. That's right.

Q. Okay. So you pull your foot off the throttle. What happened then?

A. When I pulled my foot off the throttle?

Q. Yes.

A. I was watching the tree and Mr. Small move out of the way at the same time. And when the throttle stuck, I still had my foot on the clutch, and that's when it bumped the tree some more, again.

. . .

Q. As I understand it, the tree was starting to fall before you pulled your foot off the throttle pedal?

A. Correct.

Q. Gravity—if time had stopped for the log skidder at that point, gravity was going to take that tree over; right?

A. That's right.

Q. Okay. But what you say happened is that as the tree was falling and you pulled your foot off the throttle pedal, the skidder gave the tree another bump?

A. That's correct.

Q. Okay. So the tree was going to go down anyway, even if the throttle hadn't stuck; right?

A. That's possible, yes, ma'am.

Harris had been asked about the accident numerous times and was emotionally distraught when he thought about it and tried to remember the details. According to Harris, there was

no question in his mind the sticking throttle was what caused him to push the tree over. In response to a question regarding the "rev up" of the engine heard by Small, Harris testified that after pushing down on the throttle pedal and releasing the clutch, the engine would not "rev up" if you pushed the clutch back in without releasing the throttle pedal.

Pioneer and Timberjack presented expert witness testimony. Their expert testified the only way to account for the engine "rev up" noise described by Small would be for the operator to depress the throttle pedal because the skidder has a governor on it. Their expert opined the tree fell because Harris, the skidder operator, applied more power by depressing the throttle pedal.

The court denied the motions by Pioneer and Timberjack for directed verdict. The jury returned a verdict in favor of Small. The court denied the post-trial motions of Pioneer and Timberjack.

### ISSUES

I. Did the trial court err in denying the directed verdict and JNOV motions of Pioneer and Timberjack where Small failed to prove causation?

II. Did the trial court err in denying the directed verdict and JNOV motions of Pioneer and Timberjack because the skidder had been modified and was being misused at the time of Small's injury?

III. Did the trial court err in denying the directed verdict and JNOV motions of Pioneer and Timberjack where the actions of the skidder driver were the intervening cause of Small's injury?

IV. Did the trial court err in admitting opinion testimony on causation?

V. Did the trial court err in admitting certain hearsay testimony?

### STANDARD OF REVIEW

In an action at law, on appeal of a case tried by a jury, the jurisdiction of this Court extends merely to correction of errors of law. *Townes Assocs., Ltd. v. City of Green-*

*ville*, 266 S.C. 81, 221 S.E.2d 773 (1976). We will not disturb the jury's factual findings unless a review of the record discloses there is no evidence which reasonably supports the jury's findings. *Id.* *See also York v. Conway Ford, Inc.*, 326 S.C. 170, 480 S.E.2d 726 (1997) (Court has no power to review matters of fact in action at law except to determine if verdict is wholly unsupported by evidence); *Wooten v. South Carolina Dep't of Transp.*, 326 S.C. 516, 485 S.E.2d 119 (Ct.App. 1997) (in action at law tried by jury, Court of Appeals' jurisdiction extends merely to correction of errors of law and Court will not disturb jury's factual findings unless review of record discloses no evidence which reasonably supports findings).

When ruling on directed verdict and JNOV motions, the court must view the evidence in the light most favorable to the nonmoving party. *Jackson v. Speed*, 326 S.C. 289, 486 S.E.2d 750 (1997). In reviewing a directed verdict, this Court must determine whether a verdict for the party opposing the motion would have been reasonably possible under the facts. *Hanahan v. Simpson*, 326 S.C. 140, 485 S.E.2d 903 (1997). The issue must be submitted to the jury whenever there is material evidence tending to establish the issue in the mind of a reasonable juror. *Id.* However, this rule does not authorize submission of speculative, theoretical, and hypothetical views to the jury. *Id.* Our courts have recognized that when only one reasonable inference can be deduced from the evidence, the question becomes one of law for the court. *Id.* A corollary of this rule is that verdicts may not be permitted to rest upon surmise, conjecture, or speculation. *Id.*

In the specific context of a products liability case, this Court has held: "It is axiomatic that a trial court must view the evidence and all reasonable inferences to be drawn from it in the light most favorable to the party opposing a motion for directed verdict. If more than one reasonable inference can be drawn from the evidence, the court must submit the case to the jury." *Bragg v. Hi–Ranger, Inc.*, 319 S.C. 531, 534, 462 S.E.2d 321, 323 (Ct.App.1995).

### LAW/ANALYSIS

Pioneer and Timberjack argue the trial court erred in denying their motions for directed verdict and JNOV because

(1) assuming there was a design defect, Small failed to prove debris was the cause in fact of the sticking throttle at the time of the accident; (2) assuming the debris caused a sticking throttle, Small failed to prove it was the cause in fact of the falling tree; (3) product misuse and alteration precluded the imposition of liability; and (4) the intervening acts and omissions of the skidder operator were the cause of Small's injuries. They contend the trial court abused its discretion in admitting opinion testimony on debris being the cause of the sticking throttle and the sticking throttle being the cause of the falling tree. Further, Pioneer and Timberjack claim the court erred in admitting certain hearsay testimony by Small.

## I. PROXIMATE CAUSE

Pioneer and Timberjack assert the only reasonable inference to be drawn from the testimony of Small and Harris is that even assuming there was a sticking throttle problem, the accident would have happened anyway.[1] They allege the court erred in denying their motion for directed verdict because there was no evidence the sticking throttle was the cause in fact of the falling tree.

A products liability case may be brought under several theories, including strict liability, warranty, and negligence. *See Bragg v. Hi–Ranger, Inc.*, 319 S.C. 531, 462 S.E.2d 321 (Ct.App.1995). In a products liability action, regardless of the theory on which the plaintiff seeks recovery, he must establish three elements: (1) he was injured by the product; (2) the injury occurred because the product was in a defective condition, unreasonably dangerous to the user; and (3) that the product at the time of the accident was in essentially the same condition as when it left the hands of the

---

1. In their brief, Pioneer and Timberjack claim "[t]he law of gravity controls this case, and it demonstrates that the law of man affords no basis for imposing liability on the manufacturer for the sawyer's injuries. Assuming debris caused a sticking-throttle problem, the undisputed evidence is that the tree was falling and unrecoverable *before* the driver released the throttle pedal. Thus, any assumed sticking-throttle problem did not become relevant until *after* the tree was falling and, therefore, the sticking-throttle was not the cause-in-fact of the falling tree."

defendant. *Bragg, supra; Harris v. Rose's Stores, Inc.,* 315 S.C. 344, 433 S.E.2d 905 (Ct.App.1993).

Under either products liability theory, a plaintiff must prove the product defect was the proximate cause of the injury sustained. *Livingston v. Noland Corp.,* 293 S.C. 521, 362 S.E.2d 16 (1987) (proximate cause is element of strict liability claim); *Young v. Tide Craft, Inc.,* 270 S.C. 453, 242 S.E.2d 671 (1978) (proximate cause is essential element common to alternative theories of negligence, breach of implied warranty, and strict liability in tort); S.C.Code Ann. § 36–2–715 (1976) (consequential damages resulting from seller's breach include injury to person or property proximately resulting from any breach of warranty).

Proximate cause requires proof of both causation in fact and legal cause. *Rush v. Blanchard,* 310 S.C. 375, 426 S.E.2d 802 (1993); *Oliver v. South Carolina Dep't of Hwys. and Pub. Transp.,* 309 S.C. 313, 422 S.E.2d 128 (1992); *Vinson v. Hartley,* 324 S.C. 389, 477 S.E.2d 715 (Ct.App.1996). Causation in fact is proved by establishing the injury would not have occurred "but for" the defendant's negligence. *Rush, supra; Thomas v. South Carolina Dep't of Hwys. and Pub. Transp.,* 320 S.C. 400, 465 S.E.2d 578 (Ct.App.1995). Legal cause is proved by establishing foreseeability. *Oliver, supra; Bramlette v. Charter–Medical–Columbia,* 302 S.C. 68, 393 S.E.2d 914 (1990).

The touchstone of proximate cause in South Carolina is foreseeability. *Koester v. Carolina Rental Ctr., Inc.,* 313 S.C. 490, 443 S.E.2d 392 (1994); *Young, supra.* The test of foreseeability is whether some injury to another is the natural and probable consequence of the complained-of act. *Koester, supra; Young, supra.* For an act to be a proximate cause of the injury, the injury must be a foreseeable consequence of the act. *Young, supra.* While it is not necessary that the actor must have contemplated the particular event that occurred, the actor cannot be charged with that which is unpredictable or could not be expected to happen. *Id.* A plaintiff therefore proves legal cause by establishing the injury in question occurred as a natural and probable consequence of the defendant's act. *Bramlette, supra; Greenville Memorial Auditorium v. Martin,* 301 S.C. 242, 391 S.E.2d 546 (1990).

■■■■■ Proximate cause is the efficient or direct cause of an injury. *Willis v. Floyd Brace Co.*, 279 S.C. 458, 309 S.E.2d 295 (Ct.App.1983). Proximate cause does not mean the sole cause. *Wallace v. Owens–Illinois, Inc.*, 300 S.C. 518, 389 S.E.2d 155 (Ct.App.1989). The defendant's conduct can be a proximate cause if it was at least one of the direct, concurring causes of the injury. *Id.* A plaintiff suing under a products liability cause of action can recover all damages that were proximately caused by the defendant's placing an unreasonably dangerous product into the stream of commerce. *Parr v. Gaines*, 309 S.C. 477, 424 S.E.2d 515 (Ct.App.1992).

■■■■■ Ordinarily, the question of proximate cause is one of fact for the jury and the trial judge's sole function regarding the issue is to inquire whether particular conclusions are the only reasonable inferences that can be drawn from the evidence. *Kennedy v. Custom Ice Equip. Co.*, 271 S.C. 171, 246 S.E.2d 176 (1978); *Clark v. Ross*, 284 S.C. 543, 328 S.E.2d 91 (Ct.App.1985). *See also Oliver v. South Carolina Dep't of Hwys. and Pub. Transp.*, 309 S.C. 313, 422 S.E.2d 128 (1992) (legal cause component of proximate cause is ordinarily question of fact for jury); *Childers v. Gas Lines, Inc.*, 248 S.C. 316, 149 S.E.2d 761 (1966) (questions of proximate cause are normally within province of jury). The particular facts and circumstances of each case determine whether the question of proximate cause should be decided by the court or by the jury. *Newton v. South Carolina Pub. Rys. Comm'n*, 312 S.C. 107, 439 S.E.2d 285 (Ct.App.1993), *rev'd on other grounds*, 319 S.C. 430, 462 S.E.2d 266 (1995). Only when the evidence is susceptible to only one inference does it become a matter of law for the court. *Oliver, supra. See also Newton, supra* (only in rare or exceptional cases may issue of proximate cause be decided as matter of law). The issue of proximate cause may be resolved by direct or circumstantial evidence. *Mahaffey v. Ahl*, 264 S.C. 241, 214 S.E.2d 119 (1975).

■■■■■ Viewing the evidence in the light most favorable to Small, more than one reasonable inference can be drawn from the testimony concerning the details of how the accident occurred. Both Harris and Taylor testified (1) debris in the throttle linkage area caused the throttle to stick and (2) the sticking throttle caused the accident. The morning after the

accident, Harris found debris in and around the throttle linkage area.

Inconsistencies in the testimony of witnesses is a common occurrence in a trial. Subjecting a witness to the vicissitudes of direct and cross examination often reveals some variance in testimony. A witness testifying with exactitude in each and every instance may be highly suspect. A trial epitomizes a search for the truth. Simplistically put, disparateness in testimony goes to the weight of the testimony of the witness. The fact finder is imbued with broad discretion in determining credibility or believability of witnesses. Quintessentially, an operative factor in evaluating credibility of a witness is inconsistency. Juxtaposing the direct and cross examination of Harris discloses facial dissimilitude in his statements. It is axiomatic any tergiversation on the part of a witness is left to the sound discretion of the trial jury. In this case, the jury believed Harris. Paradigmatically, the trial of a products liability case demonstrates differences of opinion emanating from expert witnesses.

As this Court noted in *Small v. Pioneer Machinery, Inc.*, 316 S.C. 479, 450 S.E.2d 609 (Ct.App.1994), it is not unusual for a case to have contradictory evidence and inconsistent testimony from a witness. In a law case tried before a jury, it is the jury that must decide what part of the witness's testimony it wants to believe and what part it wants to disbelieve. *Small, supra.* Under such circumstances, it is not the function of this Court to weigh the evidence and determine the credibility of the witnesses. *Hanna v. Palmetto Homes, Inc.*, 300 S.C. 535, 389 S.E.2d 164 (Ct.App.1990). The question of proximate cause was an issue properly decided by the jury.

## II. MODIFICATION AND MISUSE OF SKIDDER

Pioneer and Timberjack contend the trial court erred in denying their motions for directed verdict and JNOV because (1) the skidder had been modified and was not in the same condition as when delivered and (2) it was being misused at the time of the accident. However, in contrariety to the assertions of Pioneer and Timberjack, the evidence supports

more than one reasonable inference on the issue of product alteration and misuse.

An essential element of any products liability claim is proof that the product at the time of the accident was in essentially the same condition as when it left the hands of the defendant. *Bragg v. Hi–Ranger, Inc.*, 319 S.C. 531, 462 S.E.2d 321 (Ct.App.1995); *Harris v. Rose's Stores, Inc.*, 315 S.C. 344, 433 S.E.2d 905 (Ct.App.1993). However, in a products liability case, liability may be imposed upon a manufacturer or seller notwithstanding subsequent alteration of the product when the alteration could have been anticipated by the manufacturer or seller, or when the alteration did not causally contribute to the damages or injuries complained of. *Fleming v. Borden, Inc.*, 316 S.C. 452, 450 S.E.2d 589 (1994). *See Kennedy v. Custom Ice Equip. Co.*, 271 S.C. 171, 246 S.E.2d 176 (1978) (question as to whether injury caused by defect in design or whether defect created by subsequent unforeseeable modification by third party is for the jury).

Evidence in the record indicated the driver's side door and hand throttle were missing from the skidder. Further, there was testimony that neither the hand brake nor the foot brake were operable at the time of the accident. However, Taylor, Small's expert witness, opined these alterations did not causally contribute to the accident.

Pioneer and Timberjack aver the skidder was being misused at the time of the accident in violation of written safety warnings because it was being operated without the driver's side door, without operable brakes, and too close to the vicinity of persons, i.e., Small. Yet, the jury concluded the alterations did not causally contribute to the accident. Further, use of the skidder to help remove a chain saw stuck in a tree is common practice in the logging industry. Even Julian Daughty, the expert witness for Pioneer and Timberjack, conceded skidders are regularly used to perform this function. Accordingly, these arguments presented jury issues.

### III. INTERVENING CAUSE

Pioneer and Timberjack maintain the court erred in denying their motions for directed verdict and JNOV

because the only reasonable inference to be drawn from the evidence is the negligent acts of Sylvester Harris were the intervening cause of Small's injury. A third party's acts of negligence do not break the causal chain if the acts are foreseeable. *Young v. Tide Craft, Inc.,* 270 S.C. 453, 242 S.E.2d 671 (1978); *Small v. Pioneer Machinery, Inc.,* 316 S.C. 479, 450 S.E.2d 609 (Ct.App.1994). *See also Bramlette v. Charter–Medical–Columbia,* 302 S.C. 68, 393 S.E.2d 914 (1990) (primary wrongdoer's action is legal cause of injury if either intervening act or injury itself was foreseeable as natural and probable consequence of that action); *Dixon v. Besco Eng'g, Inc.,* 320 S.C. 174, 463 S.E.2d 636 (Ct.App.1995) (for intervening act to break causal link, intervening act must be unforeseeable; whether intervening act breaks causal connection is question for fact finder which will not be disturbed on appeal unless found to be without evidence which reasonably supports finding). For an intervening force to be a superseding cause that relieves an actor from liability, the intervening cause must be a cause that could not have been reasonably foreseen or anticipated. *Collins & Sons Fine Jewelry, Inc. v. Carolina Safety Sys., Inc.,* 296 S.C. 219, 371 S.E.2d 539 (Ct.App.1988).

In their brief, Pioneer and Timberjack submit Harris' action in using the log skidder to push the tree was not reasonably foreseeable given his knowledge of prior problems with the sticking throttle and his failure to either advise Small of the problem, stop and clear any debris from the throttle linkage area of the skidder, suggest the use of another skidder, or suggest another method to free the chain saw. The record demonstrates skidders are commonly used in chain saw removal maneuvers. Concomitantly, the question of whether Harris' actions were reasonably foreseeable to Pioneer and Timberjack is one which was properly directed to the jury.

## IV. OPINION TESTIMONY

Pioneer and Timberjack claim the trial court abused its discretion in admitting lay and expert opinion testimony on debris being the cause of the sticking throttle and the sticking throttle being the cause of the falling tree. We find no error.

## A. Opinion of Lay Witness

■ Rule 701, SCRE, which deals with opinion testimony by lay witnesses, provides:

If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which (a) are rationally based on the perception of the witness, (b) are helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) do not require special knowledge, skill, experience or training.

*See also State v. Williams,* 321 S.C. 455, 469 S.E.2d 49 (1996) (opinion or inference of lay witness is admissible if it is (a) rationally based on perception of witness; (b) helpful to determination of fact in issue; and (c) does not require special knowledge). Conclusions or opinions of laymen should be rejected only when they are superfluous in the sense that they will be of no value to the jury. *Id.*

■ Pioneer and Timberjack argue (1) there was no factual foundation for Harris' testimony and (2) Harris did not possess the requisite qualifications to give an opinion regarding whether debris caused the throttle to stick. Harris testified the throttle started sticking on the log skidder approximately two weeks after he began operating it. He cleaned debris out of the skidder every morning and sometimes during the day. The debris included limbs and leaves which would fall down on the hood of the skidder and collect in and around the transmission. Over objection, Harris stated the accumulated debris caused the throttle to stick.

The court held Harris could testify as the operator of the skidder. Harris deduced the tree was pushed over because the throttle stuck. On cross examination, he admitted cleaning debris from the throttle linkage area sometimes did not help the sticking throttle problem. He never stopped the skidder when he had a specific problem with the throttle in order to examine the throttle linkage area.

Harris' opinions were based upon his observations and perceptions as the operator of the log skidder. As the operator, he had special knowledge and experience in the daily operation of the machine, as well as the environment in which it was used. The basis of his opinion that the debris was the

cause of the sticking throttle, and the sticking throttle the cause of the falling tree was subject to attack upon cross examination. We find no abuse of discretion by the trial court in the admission of the lay opinion testimony of Harris.

## B. Opinion of Expert Witness

Pioneer and Timberjack allege Small's expert witness, Dr. Robert Taylor, should not have been permitted to offer an opinion on causation where his opinion lacked a proper factual foundation. Rule 702, SCRE, provides: "If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise." According to Rule 703, SCRE, "[t]he facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived by or made known to the expert at or before the hearing. If of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject, the facts or data need not be admissible in evidence."

■ Although Dr. Taylor testified before Harris, he identified the factual basis for his opinion as the prior deposition and trial testimony of both Small and Harris. He had viewed a Model 240A Timberjack log skidder and had also reviewed design documents, as well as operator and maintenance manuals for the skidder. These materials are the types of information a professional engineer reviews in order to reach an opinion. Over objection, Taylor hypothesized to a reasonable degree of engineering certainty the design of the skidder was defective because it allowed debris to get into the throttle linkage area and cause the throttle to stick. On cross examination, Taylor admitted he had not conducted independent tests on the impact of wood debris on the throttle linkage. He had never operated or performed maintenance on a log skidder. Additionally, Taylor did not prepare any design drawings to demonstrate how the debris problem could be alleviated.

■ Pioneer and Timberjack do not challenge Taylor's professional qualifications. The qualification of an expert

witness and the admissibility of the expert's testimony are matters within the trial court's discretion. *Gooding v. St. Francis Xavier Hospital,* 326 S.C. 248, 487 S.E.2d 596 (1997); *Hill v. Carolina Power & Light Co.,* 204 S.C. 83, 28 S.E.2d 545 (1943). *See also McGee v. Bruce Hosp. Sys.,* 321 S.C. 340, 468 S.E.2d 633 (1996) (decision whether to exclude expert witness is within trial court's discretion).

Where the expert's testimony is based upon facts sufficient to form the basis for an opinion, the trier of fact determines its probative value. *Berkeley Elec. Coop., Inc. v. South Carolina Pub. Serv. Comm'n,* 304 S.C. 15, 402 S.E.2d 674 (1991). *See also Carter v. R.L. Jordan Oil Co.,* 294 S.C. 435, 441, 365 S.E.2d 324, 328 (Ct.App.1988), *rev'd on other grounds,* 299 S.C. 439, 385 S.E.2d 820 (1989) ("An expert is given wide latitude in determining the basis of his testimony."). This Court cannot judge the credibility or weight of the testimony on appeal. *Madden v. Cox,* 284 S.C. 574, 328 S.E.2d 108 (Ct.App.1985).

Taylor's opinion on causation is bottomed and premised upon trial testimony. *See Carter,* 294 S.C. at 442, 365 S.E.2d at 328 ("[An] isolated statement on cross examination went to the credibility and weight of [the expert's] opinion, not to its admissibility.")

### V. HEARSAY TESTIMONY

Finally, Pioneer and Timberjack assert the trial court erred in permitting Small to testify on reply he had told another person "that the throttle hung up and pushed the tree on me." Whether or not this testimony was hearsay, the improper admission of hearsay is reversible error only when the admission causes prejudice. *Jackson v. Speed,* 326 S.C. 289, 486 S.E.2d 750 (1997). Where the hearsay is merely cumulative to other evidence, its admission is harmless. *Id.* Harris repeatedly testified the throttle stuck when he was pushing the tree with the skidder. Small's statement was cumulative to that evidence. Thus, any error in regard to hearsay evidence was not prejudicial.

## CONCLUSION

We hold the trial record is sufficient to withstand the motions of Pioneer and Timberjack for directed verdict and JNOV. The trial court did not err in submitting the case to the jury. The evidence reveals with clarity the defective skidder was the cause in fact and cause in law of Small's injuries and damages. We reject the contentions of Pioneer and Timberjack on the (1) modification and misuse issue; (2) intervening cause argument; and (3) hearsay assertion. Finally, the opinion evidence was properly admitted in this case. Accordingly, the decision of the trial court is

AFFIRMED.

CONNOR and HUFF, JJ., concur.