**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Luke M. Smith, Erica Smith, Peggy Burger, individually and as Guardian ad Litem for Caitlyn Burger, Shawonnah Davis, individually and as Guardian ad Litem for Sania Williams, Edison Chichester, individually and as Guardian ad Litem for Jennifer Chichester, Jenna Grace Singleton, and Dale Singleton, Appellants,

v.

Carolina's Got Talent, Wardell Brantley, South Carolina Media Arts Academy, Winyah Auditorium, City of Georgetown, County of Georgetown, WPDE ABC 15, WWMB CW21, Sinclair Broadcast Group, Inc., Howard Stirk Holdings, and Cunningham Broadcasting Corporation, Defendants,

Of which County of Georgetown is Respondent.

Appellate Case No. 2019-001746

———————

Appeal From Georgetown County
Benjamin H. Culbertson, Circuit Court Judge

———————

Unpublished Opinion No. 2022-UP-412
Submitted September 1, 2022 – Filed November 23, 2022

———————

**AFFIRMED**

———————

John Dwight Hudson, of Hudson Law Offices, of Myrtle Beach, for Appellants.

Michael Warner Battle, of Battle Law Firm, LLC, of Conway, for Respondent.

---

**PER CURIAM:** In this action arising out of a talent competition in which prizes were never awarded, the plaintiffs (Appellants) appeal the circuit court's grant of summary judgment to one of the defendants, Georgetown County (the County). Appellants contend the circuit court erred in determining the County had no connection, control, sponsorship, or association with any defendant and it was immune from suit under the South Carolina Tort Claims Act (the Act)[1] when genuine issues of material fact existed, some of the legal issues were novel, and discovery was incomplete. We affirm[2] pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the circuit court erred in in granting summary judgment when there were novel questions of law and discovery was incomplete: *S.C. Dep't of Transp. v. First Carolina Corp. of S.C.*, 372 S.C. 295, 301-02, 641 S.E.2d 903, 907 (2007) ("There are four basic requirements to preserving issues at trial for appellate review. The issue must have been (1) raised to and ruled upon by the trial court, (2) raised by the appellant, (3) raised in a timely manner, and (4) raised to the trial court with sufficient specificity." (quoting Jean Hoefer Toal et al., *Appellate Practice in South Carolina* 57 (2d ed. 2002))); *Patterson v. Reid*, 318 S.C. 183, 185, 456 S.E.2d 436, 437 (Ct. App. 1995) ("A party cannot for the first time raise an issue by way of a Rule 59(e)[, SCRCP,] motion which could have been raised at trial."); *Hickman v. Hickman*, 301 S.C. 455, 456, 392 S.E.2d 481, 482 (Ct. App. 1990) ("A party cannot use Rule 59(e) to present to the court an issue the party could have raised prior to judgment but did not."); *R & G Constr., Inc. v. Lowcountry Reg'l Transp. Auth.*, 343 S.C. 424, 437, 540 S.E.2d 113, 120 (Ct. App. 2000) ("An issue is deemed abandoned if the argument in the brief is only conclusory."); *Med. Univ. of S.C. v. Arnaud*, 360 S.C. 615, 620, 602 S.E.2d 747, 750 (2004) (noting issues are deemed abandoned when the arguments on those issues are conclusory); *First Sav. Bank v. McLean*, 314 S.C. 361, 363, 444 S.E.2d 513, 514 (1994) (finding an appellant had abandoned an issue by failing to provide

---

[1] S.C. Code Ann. §§ 15-78-10 to -220 (2005 & Supp. 2022).

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.

arguments or supporting authority for that issue); *State v. Colf*, 332 S.C. 313, 322, 504 S.E.2d 360, 364 (Ct. App. 1998) (finding a conclusory, two-paragraph argument that cited no authority other than an evidentiary rule was abandoned), *aff'd as modified on other grounds*, 337 S.C. 622, 525 S.E.2d 246 (2000).

2. As to whether the circuit court incorrectly applied the summary judgment standard when there were issues of material fact and the court was required to view the evidence and all reasonable inferences to be drawn from it in the light most favorable to Appellants as the nonmoving party: *David v. McLeod Reg'l Med. Ctr.*, 367 S.C. 242, 250, 626 S.E.2d 1, 5 (2006) ("A court considering summary judgment neither makes factual determinations nor considers the merits of competing testimony; however, summary judgment is completely appropriate when a properly supported motion sets forth facts that remain undisputed or are contested in a deficient manner."); *Singleton v. Sherer*, 377 S.C. 185, 197-98, 659 S.E.2d 196, 203 (Ct. App. 2008) ("Once the party moving for summary judgment meets the initial burden of showing an absence of evidentiary support for the opponent's case, the opponent cannot simply rest on mere allegations or denials contained in the pleadings. The nonmoving party must come forward with specific facts showing there is a genuine issue for trial." (citation omitted)); *Doe v. Batson*, 345 S.C. 316, 320, 548 S.E.2d 854, 856 (2001) ("Rule 56(e), SCRCP, . . . requires a party opposing summary judgment to come forward with affidavits or other supporting documents demonstrating the existence of a genuine issue for trial."); *Dawkins v. Fields*, 354 S.C. 58, 64, 580 S.E.2d 433, 436 (2003) ("The rule governing summary judgment provides that '[s]upporting and opposing affidavits shall be **made on personal knowledge,** shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.'" (emphasis and alteration by court) (quoting Rule 56(e), SCRCP)); *Jackson v. Bermuda Sands, Inc.*, 383 S.C. 11, 17, 677 S.E.2d 612, 616 (Ct. App. 2009) ("A jury issue is created when there is material evidence tending to establish the issue in the mind of a reasonable juror. 'However, this rule does not authorize submission of speculative, theoretical, and hypothetical views to the jury.'" (citation omitted) (quoting *Small v. Pioneer Mach., Inc.*, 329 S.C. 448, 461, 494 S.E.2d 835, 841 (Ct. App. 1997))); *id.* ("[W]hen only one reasonable inference can be deduced from the evidence, the question becomes one of law for the court." (quoting *Small*, 329 S.C. at 461, 494 S.E.2d at 841)); *id.* ("A corollary of this rule is that verdicts may not be permitted to rest upon surmise, conjecture, or speculation." (quoting *Small*, 329 S.C. at 461, 494 S.E.2d at 841)); *id.* ("[A]ssertions as to liability must be more than mere bald allegations made by the non-moving party in order to create a genuine issue of material fact.").

3.  As to whether the circuit court erred in holding the County had no duty and was immune under the Act: *First Carolina Corp. of S.C.*, 372 S.C. at 301, 641 S.E.2d at 907 ("[A]n issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review." (quoting *Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998))); *Patterson*, 318 S.C. at 185, 456 S.E.2d at 437 ("A party cannot for the first time raise an issue by way of a Rule 59(e) motion which could have been raised at trial."); *Hickman*, 301 S.C. at 456, 392 S.E.2d at 482 ("A party cannot use Rule 59(e) to present to the court an issue the party could have raised prior to judgment but did not."); *Platt ex rel. Platt v. CSX Transp., Inc.*, 388 S.C. 441, 445, 697 S.E.2d 575, 577 (2010) ("An essential element in a cause of action based upon negligence is the existence of a legal duty of care owed by the defendant to the plaintiff.  Without a duty, there is no actionable negligence." (citation omitted)); *Arthurs ex rel. Est. of Munn v. Aiken Cnty.*, 346 S.C. 97, 105, 551 S.E.2d 579, 583 (2001) ("Only if a duty is found, and the other negligence elements shown, will it ever be necessary to reach the [Act] immunities issue."); *Faile v. S.C. Dep't of Juv. Just.*, 350 S.C. 315, 334, 566 S.E.2d 536, 545 (2002) ("In a negligence action, the court must determine, as a matter of law, whether the defendant owed a duty of care to the plaintiff."); *Creighton v. Coligny Plaza Ltd. P'ship*, 334 S.C. 96, 114, 512 S.E.2d 510, 519 (Ct. App. 1998) ("In a negligence action, the determination of whether a party has a duty to exercise reasonable care for the benefit of another is a question of law for the court."); *Hawkins v. City of Greenville*, 358 S.C. 280, 292, 594 S.E.2d 557, 563 (Ct. App. 2004) ("The provisions of the Act establishing limitations on and exemptions to the liability of the State, its political subdivisions, and employees, while acting within the scope of official duty, must be liberally construed in favor of limiting liability of the State."); *id.* at 293, 594 S.E.2d at 564 ("The . . . Act is a limited waiver of governmental immunity.  Section 15-78-60 sets out thirty-seven 'exceptions' to this waiver of sovereign immunity.  These exceptions significantly limit the tort liability of government entities." (citation omitted)); S.C. Code Ann. § 15-78-60(20) (providing an exception to the waiver of immunity from liability for a loss resulting from "an act or omission of a person other than an employee including but not limited to the criminal actions of third persons").

4.  As to whether the circuit court erred by failing to (a) properly consider the facts and allegations of the complaint; (b) credit Appellants' proper reliance while crediting the County's improper reliance; and (c) rule on all of Appellants' causes of action alleged in their complaint: Rule 208(b)(1)(B), SCACR (providing that the appellant's brief must contain a statement of issues on appeal that includes "[a]

statement of each of the issues presented for review," which "shall be concise and direct as to each issue"); *id.* ("Broad general statements [in the statement of issues on appeal] may be disregarded by the appellate court. Ordinarily, no point will be considered which is not set forth in the statement of the issues on appeal."); *Walterboro Cmty. Hosp. v. Meacher*, 392 S.C. 479, 489, 709 S.E.2d 71, 76 (Ct. App. 2011) ("[An appellate court] can affirm for any reason appearing . . . in the record."); *Woodson v. DLI Props., LLC*, 406 S.C. 517, 527, 753 S.E.2d 428, 433 (2014) (providing that while "it is better practice—and in most cases common practice—as well as beneficial to the judicial process for a trial judge to articulate relevant findings and conclusions of law in an order granting summary judgment," they "are not required for appellate review" because Rule 52(a), SCRCP, states that they are "'unnecessary'" for decisions on certain motions including those for summary judgment (quoting Rule 52(a), SCRCP)); *Porter v. Lab. Depot*, 372 S.C. 560, 568, 643 S.E.2d 96, 100 (Ct. App. 2007) ("[N]ot all situations require a detailed order, and [an] . . . order may be sufficient if the appellate court can ascertain the basis for the trial court's ruling from the record on appeal."); *id.* ("[T]here is no blanket requirement that the trial court set forth a separate explanation on all of its rulings." (alteration by court) (quoting *Clark v. S.C. Dep't of Pub. Safety*, 353 S.C. 291, 312, 578 S.E.2d 16, 26 (Ct. App. 2002))); *Easterling v. Burger King Corp.*, 416 S.C. 437, 453, 786 S.E.2d 443, 452 (Ct. App. 2016) (disagreeing with the argument that the appellate court was "'unable to ascertain the basis behind the circuit court's order' because the circuit court ruled upon the motion for summary judgment via Form 4 order" and finding "the parties provided an ample record for [the appellate] court to conduct meaningful appellate review of the circuit court's grant of summary judgment and rule upon the merits of th[e] case"); *Health Promotion Specialists, LLC v. S.C. Bd. of Dentistry*, 403 S.C. 623, 639, 743 S.E.2d 808, 816 (2013) ("[T]he General Assembly intended for the [South Carolina Unfair Trade Practices Act] to apply to business or consumer transactions. . . . [B]y its very definition, 'trade or commerce' involves '[e]very business occupation carried on for subsistence or profit and involving the elements of bargain and sale, barter, exchange, or traffic.'" (last alteration by court) (quoting *Black's Law Dictionary* (9th ed. 2009))); *id.* (finding the promulgation of a regulation did "not fall within the definition of 'trade or commerce' as it did not involve advertisement, sale, or distribution of services or property within a business context"); S.C. Code Ann. § 15-78-60(20) (providing an exception to the waiver of immunity from liability for a loss resulting from "an act or omission of a person other than an employee including but not limited to the criminal actions of third persons").

5.  As to whether the circuit court erred in granting summary judgment when it was contrary to public policy and the public's interests: Rule 208(b)(1)(B), SCACR (providing that the appellant's brief must contain a statement of issues on appeal that includes "[a] statement of each of the issues presented for review," which "shall be concise and direct as to each issue"); *id.* ("Broad general statements [in the statement of issues on appeal] may be disregarded by the appellate court. Ordinarily, no point will be considered which is not set forth in the statement of the issues on appeal."); *R & G Constr., Inc.*, 343 S.C. at 437, 540 S.E.2d at 120 ("An issue is deemed abandoned if the argument in the brief is only conclusory."); *Arnaud*, 360 S.C. at 620, 602 S.E.2d at 750 (noting issues are deemed abandoned when the arguments on those issues are conclusory); *McLean*, 314 S.C. at 363, 444 S.E.2d at 514 (finding an appellant had abandoned an issue by failing to provide arguments or supporting authority for that issue); *Colf*, 332 S.C. at 322, 504 S.E.2d at 364 (finding a conclusory, two-paragraph argument that cited no authority other than an evidentiary rule was abandoned); *Patterson*, 318 S.C. at 185, 456 S.E.2d at 437 ("A party cannot for the first time raise an issue by way of a Rule 59(e) motion which could have been raised at trial."); *Hickman*, 301 S.C. at 456, 392 S.E.2d at 482 ("A party cannot use Rule 59(e) to present to the court an issue the party could have raised prior to judgment but did not.").

**AFFIRMED.**

**KONDUROS, HEWITT, and VINSON, JJ., concur.**