THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Henry Mims, Respondent,
 
 
 

v.

 
 
 
 Arthur Myers, Sarah Lee Myers, Jones and Robert Myers, Rubena Myers, Rosa Bell Martin, Bryant Glover, Jr., Leroy Jones, Rosetta Carol and Deborah Mitchell, Defendants,
 Of Whom Arthur Myers and Bryant Glover, Jr., are, Appellants.
 
 
 

Appeal From Aiken County
James L. Verenes, Special Referee

Unpublished Opinion No.  2004-UP-556
Submitted October 1, 2004  Filed November 4, 2004

AFFIRMED

 
 
 
 Franklin D. Beattie, Jr., and Marvin B. Poston, both of Aiken, for Appellants.
 M. Anderson Griffith, of Aiken, for Respondent.
 
 
 

PER CURIAM:  Arthur Myers and Bryant Glover (collectively Appellants) appeal a special referees decision upholding the tax sale of their property.  They argue that selling the entire property to satisfy unpaid taxes was excessive, and therefore invalid as a matter of law.  Appellants contend the property should have been divided and only a portion of the property sold.  We affirm.
FACTS
In 1965, James Myers devised a forty-acre tract of land to his wife, Annie Mae Myers, and his five children.  In 1976, Annie Myers died intestate and her undivided interest passed through inheritance to the five children. The property was partitioned among the children into eight separate five-acre tracts.
In 2000, the property taxes were not paid on two of the tracts.  Appellants stipulated that they received all default tax notices pursuant to the statutory requirements, but took no action on the notices.  The tracts were seized for nonpayment of taxes for 1999 and 2000 in the amount of $538.92 each.  
Following the tracts seizure, Aiken County auctioned off the land for repayment of the delinquent taxes.  Though properly notified, Appellants did not attend the sale.  At the sale, the Aiken County Forfeited Land Commission successfully bid on the property. 
Following the sale, the county tax assessor began the process of setting off the divided portions of the tracts.  In response to the tax assessors request for a description of the divided property, the Aiken County Planning and Development Board informed the tax assessor that dividing the tracts would violate Aiken County Subdivision regulations in regard to recorded easements.  The Commission, therefore, added the notation SELL ALL to the both properties.    
In November 2000, Henry Mims purchased the two parcels of land in their entirety from Aiken County for $548.65 each.  Appellants took no action during the subsequent redemption period and, in March 2002, Mims received a deed for each tract.  The following July, Mims brought an action against the Appellants to quiet title to the land purchased at the tax sale.  Appellants argued the tax sale was invalid because selling the entire property to satisfy $1,223 of unpaid taxes was excessive and invalid as a matter of law.  The Special Referee found that the tax sale was proper.  This appeal followed.
STANDARD OF REVIEW  
An action to set aside a tax deed is in equity.  S.C. Fed. Sav. Bank v. Atl. Land Title Co., Inc., 314 S.C. 292, 294, 442 S.E.2d 630, 631 (Ct. App. 1994).  Therefore, this court may take its own view of the preponderance of evidence.  Townes Assocs., Ltd. v. City of Greenville, 266 S.C. 81, 86, 221 S.E.2d 773, 775-76 (1976). 
LAW/ANALYSIS 
I. Divisibility Study
At the time of the tax sale, the statute containing the procedure for conducting a tax sale provided in part as follows:

 When the real property is divisible, the tax assessor, county treasurer, and county auditor shall ascertain that portion of the property that is sufficient to realize a sum upon sale sufficient to satisfy the payment of the taxes . . . In such cases, the officer shall partition the property and furnish a legal description of it. 

S.C. Code Ann. § 12-51-40(d) (2000) (emphasis added).  This statutory language was amended in 2000 and the word shall was replaced by may.  S.C. Code Ann. § 12-51-40(d) (Supp. 2003).  Thus, the amended statute made it permissive rather than mandatory for the tax assessor, county treasurer, or auditor to divide the property. 
Appellants argue the applicable statute was the pre-amendment version in place at the time of the levy, thus the county was required to divide the property if feasible.  Since the referee found division was not required, it is their contention he erred by applying the current version, and not the pre-amendment version, of section 12-51-40(d).  We disagree.
Appellants overlook that the referee did, in fact, apply the pre-amendment version of the statute. The South Carolina Supreme Court interpreted the prior version of the tax sale statute in Folk v. Thomas, 344 S.C. 77, 543 S.E.2d 556 (2001), and held, notwithstanding the pre-amendment mandatory language, that the defaulting taxpayer, and not the county, bore the initial burden of requesting a determination of possible property division.  The later amendments to the statute were merely a codification of this holding.  
In the case at bar, Appellants never raised the issue of divisibility nor did they request a divisibility study.  Accordingly, we hold that the mandatory language in section 12-51-40(d) did not place a pre-sale burden on the county to determine whether the property was divisible.  The tax sale, therefore, was statutorily proper.[1] 
II. Excessiveness of the Sale
Appellants also argue selling the entire tracts, valued at $20,274 each, for taxes due in the amount of $611.95 per tract was excessive and invalid as a matter of law.  Again, we disagree.
In a tax sale of real property, [t]here are no fixed guidelines as to what constitutes excessive levy.  S.C. Fed. Sav. Bank v. Atl. Land Title Co., Inc., 314 S.C. 292, 297, 442 S.E.2d 630, 633 (Ct. App. 1994).  A tax sale does not necessarily exact an excessive levy . . . because it brings an inadequate price.  Id.  Inadequate consideration alone is not a sufficient reason to set aside a tax sale.  It must be coupled with other inequitable circumstances, such as fraud, mistake, misapprehension, surprise, or other such factors. Patterson v. Goldsmith, 292 S.C. 619, 628, 358 S.E.2d 163, 168 (Ct. App. 1987).
Appellants argue equitable relief should be granted based on mutual mistake and unjust enrichment.  The facts of the case, however, do not support these allegations.  Internal county documents showing that the county was considering selling only a portion of the properties are simply not sufficient to show a mistake between the parties.  On the contrary, by the time of the sale to Mims, the county tax office was aware that dividing the properties was not a viable option.
We likewise find no merit in Appellants claim of unjust enrichment.  Appellants admit they failed to take any action on the default notices and made no request for a divisibility study.  Moreover, Appellants have not challenged the special referees finding that the properties could not have been divided, even if a divisibility study was done.  Appellants did not raise the issues of excessiveness or divisibility until after Mims received his deed.  Despite adequate notice, they did not participate in the sale, nor did they take any action during the statutory redemption period.  Therefore, we conclude Appellants slept on their rights and cannot now demand their rights in equity.  See Folk, 344 S.C. at 83, 543 S.E.2d at 559 (2001) (It was . . . the defaulting taxpayer . . . who slept on his rights, did not pay his taxes for two years, failed to respond to any of the certified notices sent by the tax collector, and failed to show up at the tax sale.).
III. Improper Advertising of Tax Sale
Finally, Appellants argue the tax sale advertising violated the proper statutory guidelines.  We find this argument to be without merit.
Regarding advertisements for public sale, the tax sale statute requires that: 1) the property be advertised for sale at public auction; 2) the advertisement should be in a newspaper of general circulation; 3) the advertisement must be entitled Delinquent Tax Sale, and; 4) the advertisement must include the taxpayers name and a description of property.  S.C. Code Ann. § 12-51-40(d) (Supp. 1999).  The statute also notes that reference to a parcel number is a sufficient description of property. Id. 
Appellants rely on Hawkins v. Bruno Yacht Sales, Inc., 342 S.C. 352, 536 S.E.2d 698 (Ct. App. 2000), for the proposition that the statutory requirements for notice must be strictly construed against the County, and a sale must be set aside if the description of the property is deficient in any respect.  We note, however, that Hawkins was modified on appeal by the South Carolina Supreme Court on the issue of advertisement, and the property description in that case was held to be sufficient.  Hawkins v. Bruno Yacht Sales, Inc., 353 S.C. 31, 40-41, 577 S.E.2d 202, 207-08 (2003).
In Hawkins, the description of the property to be solda fifty-two foot sailboatdid not describe the property as a sailboat, but only included the defaulting taxpayers name and a delinquent tax number.  Id. at 40, 577 S.E.2d at 207.  Nevertheless, our supreme court found the advertisement sufficient due to the fact that it met the requirements of section 12-51-40(d) of the South Carolina Code.  Id. at 41, 577 S.E.2d at 208.  Hawkins is analogous to the case at hand, because in this case, the county used a tax parcel number to describe the land being sold.  Accordingly, we find the county provided a sufficient description of the property.
Appellants also argue the sale was improperly advertised because a printout from the Aiken County Tax Offices contained handwritten notations next to each property showing that the sale of 1.0 acre would cover the taxes due.  However, Appellants have not presented any evidence that this document, entitled parcels of land to be carved up for tax sale, was ever used to advertise the property for sale.  The special referee found the acreage reference was present only in some inter-office memos.  The newspaper advertisement relied on the properties tax parcel number, which was an adequate description of both properties.  As a result, we find the advertisement was proper.
CONCLUSION
Based on the foregoing, the special referees decision is
AFFIRMED.
GOOLSBY, ANDERSON, and WILLIAMS, JJ., concur.

[1] Appellants also argue the tax sale violated sections 12-51-70, -130, and -150 of the South Carolina Code (2000 & Supp. 2003).  Because these issues were raised for the first time in Appellants Rule 59(e), SCRCP, motion, and not during the trial before the special referee, they are not preserved for our review.  See Patterson v. Reid, 318 S.C. 183, 185, 456 S.E. 2d 436, 437 (Ct. App. 1995) (A party cannot for the first time raise an issue by way of a rule 59(e) motion which could have been raised at trial.).  We note, however, that even if these issues were preserved, none of the statutory provisions would require the sale to be voided because the county did not follow the statutory scheme.