THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR
 RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2),
 SCACR.
THE
 STATE OF SOUTH CAROLINA
In
 The Court of Appeals

 
 
 
 William Parker and Dorothy Parker, Respondents,
 
 
 

v.

 
 
 
 Pier Abdullah and Aazim Abdullah aka Lynwood K. Daniels, Appellants.
 
 
 

Appeal
 From Orangeburg County
 Olin
 D. Burgdorf, Master-in-Equity

Unpublished
 Opinion No. 2012-UP-107
 Heard
 January 25, 2012  Filed February 22, 2012    

AFFIRMED

 
 
 Glenn
 Walters and R. Bentz Kirby, both of Columbia, for Appellants.
 J.
 Christopher Wilson, of Bamberg, for Respondents.
 
 

PER
 CURIAM: 
 Pier and Aazim Abdullah appeal the master-in-equity's award to William and
 Dorothy Parker of $17,250 in damages and $4,824.65 in costs and attorney's fees
 arising out of the breach of a lease agreement with the option to purchase.  We
 affirm pursuant to Rule 220(b)(1), SCACR, and the following authorities: 
1.  As to the date the option to purchase expired: Patterson
 v. Reid, 318 S.C. 183, 185, 456 S.E.2d 436, 437 (Ct. App. 1995) ("A
 party cannot for the first time raise an issue by way of a Rule 59(e) [SCRCP] motion which could have been raised at
 trial.").
2. As to the amount of damages awarded: Silver
 v. Aabstract Pools & Spas, Inc., 376 S.C. 585, 590, 658
 S.E.2d 539, 541-42 (Ct. App. 2008) ("An action to construe a contract is
 an action at law.  Likewise, '[a]n action for breach of contract seeking money
 damages is an action at law.'" (alteration by court) (citations omitted)); id. at 590, 658 S.E.2d at 542 ("When reviewing a judgment made in a
 law case tried by a master without a jury, the appellate court will not disturb
 the master's findings of fact unless the findings are found to be without
 evidence reasonably supporting them."); Conner v. Alvarez,
 285 S.C. 97, 101, 328 S.E.2d 334, 336 (1985) ("Courts are without
 authority to alter a contract by construction or to make a new contract for the
 parties.  Their duty is limited to the interpretation of the contract made by
 the parties themselves . . . regardless of its wisdom or folly, apparent
 unreasonableness, or failure to guard their rights carefully."  (omission
 by court) (citations and quotation marks omitted)); Bell v. Bennett, 307
 S.C. 286, 294-95, 414 S.E.2d 786, 791 (Ct. App. 1992) (holding issues not
 raised in appellate brief are deemed abandoned and prior rulings on those
 issues constitute the law of the case); Madren
 v. Bradford, 378 S.C. 187, 195, 661
 S.E.2d 390, 395 (Ct. App. 2008) ("When calculating damages for breach of
 contract, damages should place a nonbreaching party in the position he would
 have enjoyed had the contract been performed.").
3.  As to whether the refund of the Parkers' deposit
 constituted an accord and satisfaction: Linda Mc Co. v. Shore, 390 S.C.
 543, 555, 703 S.E.2d 499, 505 (2010) ("The elements of an accord
 and satisfaction are (1) an agreement between the parties to settle a dispute
 and (2) the payment of the consideration which supports the agreement."); id. at
 555-56, 703 S.E.2d at 505 ("The debtor must intend and make unmistakably
 clear that the payment tendered fully satisfies the creditor's demand.  Without
 an agreement to discharge the obligation there can be no accord, and without an
 accord there can be no satisfaction." (citations and quotation marks omitted)).
4.  As to the award of attorney's fees: Laser
 Supply & Servs., Inc. v. Orchard Park Assocs.,
 382 S.C. 326, 340, 676 S.E.2d 139, 147 (Ct. App. 2009) ("The review of
 attorney fees awarded pursuant to a contract is governed by an abuse of
 discretion standard. . . . An appellate court will not reverse an award unless
 it is based on an error of law or is without any evidentiary support.").
AFFIRMED. 
FEW,
 C.J., and THOMAS and KONDUROS, JJ., concur.