0492

PORTER BROTHERS, INC., Respondent-Appellant, v. SPECIALTY WELDING CO., Appellant-Respondent.

(331 S. E. (2d) 783)

Court of Appeals

*William R. Bird,* of *Ferrene & Associates, P.A.,* Hilton Head Island, *for appellant-respondent.*

*John R. C. Bowen* and *William M. Bowen,* both of *Bowen, Cooper, Beard & Smoot,* Hilton Head Island, *for respondent-appellant.*

Heard April 18, 1985.

Decided June 10, 1985.

*Per Curiam:*

Porter Brothers, Inc., sued Specialty Welding Co., for $2,068.54, alleging a failure to pay for certain goods sold and delivered on open account. Specialty Welding answered, generally denying the allegations of Porter Brothers and further alleging the defense of accord and satisfaction. Specialty Welding also counterclaimed for $797, alleging it had been damaged in this amount as a result of certain misconduct in connection with the account by Porter Brothers. The jury returned a verdict in the amount of $1,492 for Porter Brothers. Both parties appeal. We affirm.

On appeal Specialty Welding raises one question and Porter Brothers raises two. We deal with these questions in succession beginning with the single question raised by Specialty Welding.

After the jury returned its verdict, both parties moved for a new trial. The trial judge denied both motions. Specialty Welding argues the trial court was without subject matter jurisdiction to deny the motions because a new trial was moved for by both parties. We reject this argument. In acting on a motion for a new trial, a trial judge is not bound by the position taken by parties. *Cf.*

*Sherer v. James,* Opinion No. 0587 (S. C. Ct. App. filed April 15, 1985) ("The question of whether a party's motion for a mistrial should be granted ... does not depend upon the opposing party's stance concerning the motion."); 83 C.J.S. *Stipulations* Section 17 at 39 (1953) ("A stipulation entered into between counsel which materially affects conduct of litigation ... is subject to the consent of the judge of the court involved.").

When the case was called for trial, Porter Brothers moved to amend its complaint both to allege a certain security agreement allegedly entered into between the parties and to add a claim of attorney's fees based on the alleged agreement. The trial judge denied its motion.

Section 15-13-920 of the 1976 Code of Laws of South Carolina provides in pertinent part:

> The Court may, before or after judgment, in furtherance of justice and on such terms as may be proper, amend any pleading ... by ... (c) inserting other allegations material to the case or (d) when the amendment does not change substantially the claim or defense. ...

Normally, a motion to amend a pleading is addressed to the sound discretion of the trial judge. *Mylin v. Allen-White Pontiac, Inc.,* 281 S. C. 174, 314 S. E. (2d) 354 (Ct. App. 1984). The decision of the trial judge in the exercise of his discretion to allow or disallow the amendment of a pleading is so broad that it will rarely be disturbed on appeal. *Kirven v. Lawrence,* 244 S. C. 572, 137 S. E. (2d) 764 (1964). But where the amendment is refused on legal grounds, the decision of the trial judge will be reviewed. *Smith v. Traxler,* 224 S. C. 290, 78 S. E. (2d) 630 (1953).

The basis of the trial judge's decision is not clear from the record before us. Porter Brothers argues that his decision was based solely on the legal ground that the proposed amendment substantially changed the claim or cause of action originally pled. Porter Brothers goes on to argue that he erred, as a matter of law, in ruling that it did. Even if we accept Porter Brothers' first argument, we reject its second.

In our opinion, the proposed amendment substantially changed Porter Brothers' claim. The claim originally pled

was for the purchase price of goods sold and delivered on open account. The proposed amendment added a claim for attorneys' fees based on the security agreement. Although the proposed amendment did not change the cause of action originally pled, it did add a different claim.

In support of its argument, Porter Brothers relies on the case of *Sibley v. Young*, 26 S. C. 415, 2 S. E. 314 (1887). We find this case distinguishable. Unlike the proposed amendment in the instant case, the amendment which the Supreme Court held should have been allowed in *Sibley* did not seek to allege a different or additional claim, but rather sought to plead a different factual basis for enforcement of the same claim originally pled.

Finally, Porter Brothers argues the trial judge erred ██ in refusing its request that he charge certain portions of the Uniform Commercial Code. We are unable to address this argument due to the inadequacy of the record before us on appeal. Neither Porter Brothers' specific requests for charge nor the charge which the trial judge gave appears in the record before us. Porter Brothers has the burden of providing us with "a sufficient record from which this court can make an intelligent review; otherwise, there is nothing from which this court can conclude that the (trial) court erred." *Sweatt v. Norman*, _____ S. C. _____, 322 S. E. (2d) 478, 481 (Ct. App. 1984).[1]

Accordingly, the judgment in favor of Porter Brothers is

Affirmed.

---

[1] It appears from Porter Brothers' brief that the portions of the Uniform Commercial Code which it argues should have been charged relate to transactions between "merchants." But there is no evidence in the record before us of the fact that the parties are merchants as that term is defined by the Code. We cannot consider a fact which does not appear in the Transcript of Record. Supreme Court Rules 8, Section 7.