0994

Elizabeth H. REED, Donald B. Reed, Philip C. Reed and Peter H. Reed, Appellants v. SOUTH CAROLINA NATIONAL BANK, as Trustee; Kelly H. Reed, a minor of the age of fourteen years: Laura H. Reed, a minor under the age of fourteen years; Jessica E. Reed, a minor under

the age of fourteen years; Martha A. Reed, a minor under the age of fourteen years; and the unborn descendants of Donald B., Philip C., and Peter H. Reed, being designated collectively as John Doe, Respondents.

(360 S. E. (2d) 527)

Court of Appeals

*Bowen, Smoot & Laughlin,* Hilton Head Island, *for appellants.*

*Bethea, Jordan & Griffin,* Hilton Head Island, *for respondents.*

Heard May 18, 1987.

Decided July 20, 1987.

SHAW, Judge:

Beneficiaries, Elizabeth H. Reed, Donald B. Reed, Philip C. Reed, and Peter H. Reed, brought this action seeking a change in the corporate trustee of a trust executed by Franklin E. Reed in January of 1973. They now appeal a circuit court order granting summary judgment to re-

spondent-corporate trustee, South Carolina National Bank (SCNB). The Reeds also appeal the circuit court's order denying their motion to amend their complaint. We affirm.

Under the terms of this trust, Elizabeth Reed and the Bank of Beaufort were cotrustees. Subsequently, the Bank of Beaufort merged into the South Carolina National Bank and, under the terms of the trust SCNB became co-trustee with Elizabeth Reed. The trust is not included in the record. However, the trial judge's order contains the following language from the trust:

> whenever said Bank [of Beaufort] is named in this my Last Will and Testament, it shall be deemed to include any bank or trust company with which it may hereafter be merged or consolidated.

This action was brought in June of 1985 to substitute Hilton Head Bank & Trust as the corporate trustee. The complaint alleged no improprieties by SCNB, but merely alleged the best interest of the beneficiaries would be served by substitution of Hilton Head Bank & Trust as co-trustee.

The record reveals George Strickland, a loan officer formerly with the Bank of Beaufort, developed a close friendship with Elizabeth Reed as her financial advisor. Strickland now works with Hilton Head Bank & Trust. The complaint alleges Reed's best interest would be served if the "long standing relationship with ... Strickland as trustee and financial advisor ..." is preserved.

In April of 1986, SCNB moved for summary judgment. In June of 1986, the Reeds moved to amend the complaint. The trial court denied the motion to amend the complaint and granted the motion for summary judgment.

We first address whether the trial court erred in denying the motion to amend the complaint. A motion to amend a pleading is a matter within the discretion of the trial judge. The trial judge's discretion is so broad, his decision to grant or deny the motion will rarely be reversed by an appellate court. *Porter Brothers, Inc. v. Specialty Welding Co.*, 286 S. C. 39, 331 S. E. (2d) 783 (Ct. App. 1985).

The trial court found the allegations of wrongdoing in the proposed amendment to the complaint amounted to conclusions of law and not factual allegations.

Moreover, he found the motion to amend, filed almost a year after commencement of the suit, was unduly late. After reviewing the record, we hold the trial judge acted within his discretion.

We next examine the trial court's granting of summary judgment to SCNB. A trustee will not be removed merely because of a disagreement among co-trustees. *Smith v. Heyward*, 115 S. C. 145, 105 S. E. 275 (1920). The Reeds have cited no authority for the proposition a court will remove a trustee against its will simply because a co-trustee and the beneficiaries prefer to deal with another individual or entity. Indeed, counsel for the Reeds admitted to the trial court he had looked, to no avail, for a South Carolina case where a co-trustee could be removed against its will without any showing of fault.

Thus, we hold the trial court properly granted summary judgment to SCNB based on the plain language of the trust agreement which clearly provided for merger or consolidation of the corporate trustee.

Affirmed.

GARDNER and CURETON, JJ., concur.