677 S.E.2d 612

**Eric JACKSON, Appellant,**

v.

**BERMUDA SANDS, INC., Custom Outdoor Furniture and Restrapping, Inc., and Grosfillex, Inc., Defendants,**

**of whom Grosfillex, Inc. is the Respondent.**

**No. 4530.**

Court of Appeals of South Carolina.

Heard March 4, 2009.
Decided April 14, 2009.

Darrell Thomas Johnson, Jr., and Warren Paul Johnson, both of Hardeeville, for Appellant.

G. Michael Smith, of Conway, for Respondent.

HEARN, C.J.

Eric Jackson appeals the entry of summary judgment in favor of Grosfillex, Inc., regarding claims of products liability stemming from the collapse of a chair in which Jackson sat while he was staying at the Bermuda Sands Resort hotel (Bermuda Sands). We affirm.

## FACTS

Jackson and his family were guests at Bermuda Sands in Myrtle Beach, South Carolina. During their stay, Jackson visited the indoor swimming pool located on the premises, and while there, attempted to sit in a white resin chair located by the pool. Upon partially sitting down, the chair collapsed underneath Jackson, breaking into several pieces and causing him to fall to the ground. As a result of the fall, Jackson claimed to have suffered injuries to his back and legs, causing physical pain, mental anguish and suffering, as well as alleging it caused and will cause Jackson to incur medical costs and loss of wages.

Shortly after the collapse, the broken chair was disposed of by a Bermuda Sands maintenance person, Hinson Sellers, and was therefore unavailable for introduction into evidence or for testing by the parties. As a result, the exact manufacturer of

the broken chair was also not known to the parties with complete certainty.[1]

Thereafter, Jackson brought an action for actual and punitive damages against Bermuda Sands for negligence in failing to maintain its premises in a reasonably safe condition, as well as against Grosfillex, as alleged manufacturer, and Custom Outdoor Furniture and Restrapping, Inc., as alleged distributor of the broken chair, for negligence, recklessness, strict liability, and breach of implied warranty. Bermuda Sands settled with Jackson via mediation and was dismissed as a defendant. Grosfillex and Custom Outdoor filed motions for summary judgment, which were ultimately granted by the circuit court. Jackson appeals the grant of summary judgment [2] in favor of Grosfillex.

## LAW/ANALYSIS

Jackson asserts the circuit court erred in finding: the unsupervised use and abuse of chairs in hotels was not foreseeable to Grosfillex; degradation of resin chairs due to chemical exposure, eventually leading to the inevitable failure of the chairs, was not a foreseeable event that should have been anticipated; Jackson's failure to identify the cause of an alleged crack was fatal to the claim; and, expert testimony was insufficient, where Jackson's experts arrived at the scientific conclusion most probable given the inability to examine the broken chair. We disagree and affirm.

---

1. For the purposes of the summary judgment hearing only, all parties agreed to assume the chair that collapsed was a Grosfillex product supplied to Bermuda Sands by Custom Outdoor Furniture and Restrapping, Inc., but that if the motion was denied, the issue would still be litigated.

2. When reviewing the grant of a summary judgment motion, this court applies the same standard of review as the trial court under Rule 56, SCRCP. *Cowburn v. Leventis*, 366 S.C. 20, 30, 619 S.E.2d 437, 443 (Ct.App.2005). Summary judgment is proper when no issue exists as to any material fact and the moving party is entitled to a judgment as a matter of law. Rule 56(c), SCRCP. To determine whether any triable issues of fact exist, the reviewing court must consider the evidence and all reasonable inferences in the light most favorable to the non-moving party. *Law v. S.C. Dep't of Corrections*, 368 S.C. 424, 434, 629 S.E.2d 642, 648 (2006).

Products liability in South Carolina is governed by section 15–73–10 of the South Carolina Code (2005) which states:

(1) One who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm caused to the ultimate user or consumer, or to his property, if

(a) The seller is engaged in the business of selling such a product, and

(b) It is expected to and does reach the user or consumer without substantial change in the condition in which it is sold.

(2) The rule stated in subsection (1) shall apply although

(a) The seller has exercised all possible care in the preparation and sale of his product, and

(b) The user or consumer has not bought the product from or entered into any contractual relation with the seller.

An action for products liability may be brought under several theories, including negligence, strict liability, and warranty. *Rife v. Hitachi Const. Mach. Co., Ltd.,* 363 S.C. 209, 215, 609 S.E.2d 565, 568 (Ct.App.2005). In a products liability action, regardless of the theory of recovery pursued, a plaintiff must establish three elements: (1) he was injured by the product; (2) the injury occurred because the product was in a defective condition, unreasonably dangerous to the user; and (3) the product, at the time of the accident, was in essentially the same condition as when it left the hands of the defendant. *Id.* (citations omitted). In addition, liability for negligence also requires proof that the manufacturer breached its duty to exercise reasonable care to adopt a safe design. *Id.* at 215, 609 S.E.2d at 569 (citations omitted). Here, Jackson has failed to establish elements (2) and (3).

Section 15–73–30 of the South Carolina Code (2005) incorporates by reference section 402A of the Restatement (Second) of Torts (1965) wherein it explains:

g. Defective condition. The rule stated in this Section applies only where the product is, at the time it leaves the seller's hands, in a condition not contemplated by the ultimate consumer, which will be unreasonably dangerous to

him. The seller is not liable when he delivers the product in a safe condition, and *subsequent mishandling or other causes* make it harmful by the time it is consumed. The burden of proof that the product was in a defective condition at the time that it left the hands of the particular seller is upon the injured plaintiff; and unless evidence can be produced which will support the conclusion that it was then defective, the burden is not sustained.

(emphasis added). Moreover, in order to successfully prosecute a products liability claim, a plaintiff must prove the product defect was the proximate cause of the injury sustained. *Rife*, 363 S.C. at 215, 609 S.E.2d at 569 (citations omitted). "Proximate cause requires proof of causation in fact and legal cause." *Id.* at 216, 609 S.E.2d at 569. "Causation in fact is proved by establishing the injury would not have occurred 'but for' the defendant's negligence." *Id.* "Legal cause is proved by establishing foreseeability." *Id.*

 The key element of proximate cause in South Carolina is foreseeability. *Id.* The test of foreseeability is whether the injury to another is the natural and probable consequence of the complained-of act. *Id.* In order for an act to be a proximate cause of the injury, the injury must be a foreseeable consequence of the act. *Id.* However, an intervening force may be a superseding cause that relieves an actor from liability, although the intervening cause must be one that could have been reasonably foreseen or anticipated. *Id.* at 217, 609 S.E.2d at 569 (citing *Small v. Pioneer Mach., Inc.*, 329 S.C. 448, 494 S.E.2d 835 (Ct.App.1997)).

 Regarding any misuse or abuse of the chairs, Jackson has failed to prove the chair that collapsed was in a defective condition when it was shipped by Grosfillex. In addition, a manufacturer may not be held liable for the subsequent mishandling or other superseding act which causes the injury. *See* Section 402A(g) Restatement (Second) Torts. Jackson asserts precisely this, namely: because Grosfillex's chairs are typically used at hotels, and deposition testimony indicated chairs are frequently subjected to extreme conditions such as being used on the street, thrown off balconies or into pools, as well as multiple people sitting in a chair at one time, Grosfillex should be on notice that the resin chair it produces is defective

in its current state. The circuit court recognized that Jackson failed to prove not only the existence of a crack, which Jackson's expert, Harry Edmondson, maintained could be the only explanation for the collapse, but also whether any such crack existed in the chair at the time it left the manufacturer.

Edmondson conducted certain tensile tests on an exemplar Grosfillex chair which showed that the chair passed the applicable American Society for Testing Materials (ASTM) standards for strength requirements, which also validated the affidavit filed by Grosfillex's Vice–President of Manufacturing and Logistics, Daniel Yearick. However, Edmondson admitted he had no way of knowing whether there were any cracks in the chair or whether it had been subject to abuse, and could only guess or speculate as to how any alleged crack could have occurred, because the Grosfillex chairs were made pursuant to industry standards. Accordingly, Grosfillex cannot be held liable for the intervening and superseding acts of the ultimate users of its products, which could not have been reasonably foreseen or anticipated.

Moreover, Jackson's claims regarding chemical degradation are based not on any tangible evidence derived from the collapsed chair or the Bermuda Sands environment; rather, they amount to mere speculation and conjecture. A jury issue is created when there is material evidence tending to establish the issue in the mind of a reasonable juror. *Small,* 329 S.C. at 461, 494 S.E.2d at 841 (citation omitted) (discussing submission of an issue to the jury in the context of a directed verdict motion). "However, this rule does not authorize submission of speculative, theoretical, and hypothetical views to the jury." *Id.* "Our courts have recognized that when only one reasonable inference can be deduced from the evidence, the question becomes one of law for the court." *Id.* "A corollary of this rule is that verdicts may not be permitted to rest upon surmise, conjecture, or speculation." *Id.* Finally, assertions as to liability must be more than mere bald allegations made by the non-moving party in order to create a genuine issue of material fact. *Baughman v. Am. Tel. and Tel. Co.,* 306 S.C. 101, 117, 410 S.E.2d 537, 546 (1991).

Here, Jackson contends the environment which surrounded the collapsed chair at the hotel, including subjection

to chlorine, suntan lotions and UV rays, caused degradation to the chair's resin material which ultimately led to its collapse. In addition, Jackson claims that, because Grosfillex knew the majority of its resin chairs would be used in situations where they would be subjected to similar chemicals, it should have been on notice that its chairs were all going to degrade and fail, thereby rendering its chairs defective in their current state. In support of this contention, Jackson again relied primarily on the deposition testimony and affidavit of Edmondson. At the outset, Edmondson admitted he had not tested for the existence of UV stabilizers which Yearick and Grosfillex claim are included in the composition of the chairs. Similarly, Edmondson's claims regarding the effect of chlorine, suntan lotions, and other chemical agents on Grosfillex chairs were not based on first-hand knowledge derived from scientific testing; instead, Edmondson relied on two references he found on the internet. Edmondson himself admitted the applicability of the references to the collapsed chair in this instance amounted to guesses and speculation. Therefore, his unsupported assertions of chemical degradation warrant our affirmance of the circuit court's grant of summary judgment.

## CONCLUSION

Jackson's contentions fail every part of the test for establishing liability in a products liability claim. First, Jackson cannot prove the collapsed chair was defective, or that any alleged defective nature of the chair caused the accident; nor can Jackson prove the chair, when it collapsed, was in the same condition it was in when it left Grosfillex. Without test results on the collapsed chair, Jackson's claims of misuse or abuse and chemical degradation also fail the tests for proximate cause and foreseeability. As a result, the circuit court did not err in finding Jackson had failed to establish a triable issue of fact. The decision of the circuit court is therefore

**AFFIRMED.**

PIEPER, J., and LOCKEMY, J., concur.