THIS OPINION HAS NO PRECEDENTIAL
 VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
 EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Ricky H. Foshee and Kyle W. Daniel, Appellants,
v.
Ginn-LA West End, Limited-Corp.; Ginn LA West End, LTD, LLLP;
 Ginn Financial Services, LLC; and Bahamas Sales Associate, LLC, Respondents.
 
 
 

Appeal from Georgetown County
Larry B. Hyman, Jr., Circuit Court Judge

Unpublished Opinion No.  2011-UP-568
Heard October 10, 2011  Filed December
 20, 2011 

AFFIRMED

 
 
 
Gene M. Connell, Jr, of Surfside Beach, for Appellants.
Jeffrey K. Douglas, Robert P. Alpert, and John P. MacNaughton, of
 Atlanta; John C. Moylan, III, Matthew T. Richardson, and Alice W. Parham, of
 Columbia, for Respondents.
 
 
 

PER CURIAM:  Appellants Ricky Foshee and Kyle Daniel appeal from the circuit court's order granting
 Respondents' motion to dismiss their complaint related to the purchase of real
 property on Grand Bahama Island, Commonwealth of the Bahamas.  
The circuit court based its dismissal of Appellants' complaint upon
 two independently-dispositive grounds: (1) Appellants have no standing to bring
 this action, and (2) the purchase contract contains a forum-selection provision
 that requires all disputes concerning the purchase to be litigated exclusively in
 the Commonwealth of the Bahamas.  On appeal, Appellants do not contest either
 of the circuit court's dispositive rulings; rather, they contend the circuit
 court erred in: (1) dismissing their complaint pursuant to Rule 12(b)(6),
 SCRCP; (2) converting Respondents' motion to dismiss into a motion for summary
 judgment; and (3) failing to grant Appellants leave to amend their complaint. 
 We affirm the circuit court's order pursuant to Rule 220(b)(1), SCACR, and the
 following authorities:
1.    Law of the Case:
Because Appellants failed to challenge either of the
 court's dispositive rulings, these rulings are the law of the case.  As a
 result, this court need not conduct an analysis of the correctness of the trial
 court's order.  Buckner v. Preferred Mut. Ins. Co., 255 S.C. 159,
 160-61, 177 S.E.2d 544, 544 (1970) (holding where appellant did not challenge both
 dispositive grounds for the trial court's decision, the finding, "right or
 wrong, is the law of this case and requires affirmance"); Jennings v.
 Jennings, 389 S.C. 190, 207, 697 S.E.2d 671, 680 (Ct. App. 2010) (finding when
 appellant "has not specifically challenged [a] ruling, it is the law of the
 case and requires affirmance"); Contin'l Ins. Co. v. Shives, 328
 S.C. 470, 474, 492 S.E.2d 808, 810 (Ct. App. 1997) ("The trial court's unappealed ruling becomes the law of
 the case, and we must assume the trial court was correct . . . ."). 
2.    As to whether the
 circuit court erred by dismissing Appellants' Complaint pursuant to Rule
 12(b)(6), SCRCP, we find the circuit court did not reach a Rule 12(b)(6)
 analysis after it determined the forum-selection and standing issues were
 dispositive independently.  The circuit court's order stated: "[T]here is no need to reach the merits of
 Defendants' Motion for failure to state a claim."  
3.    As to whether the
 circuit court erred by converting Respondents' motion to dismiss to a motion
 for summary judgment by reviewing the parties' purchase contract, we find no
 error in the court's review of the document that Appellants had referenced throughout
 their complaint and upon which their claims were based.  Brazell v. Windsor, 384 S.C. 512, 516, 682 S.E.2d 824, 826 (2009) ("In our view,
 allowing a trial court to consider documents that are incorporated by reference
 in the complaint but not actually attached thereto prevents a plaintiff from
 benefiting from his own oversight or from surviving a motion to dismiss by
 intentionally omitting documents upon which their claims are based.").  
4.    As to whether the
 circuit court abused its discretion in failing to grant Appellants leave to
 amend their complaint, we find no abuse of discretion.  Porter Bros., Inc. v. Specialty Welding Co., 286 S.C. 39,
 41, 331 S.E.2d 783, 784 (Ct. App. 1985) ("[A] motion to amend a pleading
 is addressed to the sound discretion of the trial judge."); Jennings v.
 Jennings, 389 S.C. 190, 196, 697 S.E.2d 671, 674 (Ct. App. 2010) (citing Porter
 Bros., 286 S.C. at 41, 331 S.E.2d at 784) ("The discretion
 afforded to the trial court in granting or denying an amendment 'is so broad
 that it will rarely be disturbed on appeal.'").  
AFFIRMED.
SHORT,
 WILLIAMS, and GEATHERS, JJ., concur.