**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Kevin McCarthy and Courtney R. McCarthy, Appellants,

v.

The Cliffs Communities, LLC d/b/a The Cliffs at Keowee Falls South, Keowee Falls Investment Group, LLC; Cliffs Real Estate, Inc., The Cliffs Golf and Country Club, Inc., and S&ME, Inc., Defendants,

Of whom S&ME, Inc. is the Respondent.

Appellate Case No. 2013-001843

———————

Appeal From Greenville County
Clifton Newman, Circuit Court Judge

———————

Unpublished Opinion No. 2015-UP-436
Heard June 2, 2015 – Filed August 19, 2015

———————

**AFFIRMED**

———————

Thomas Elihue Dudley, III, and Townes Boyd Johnson, III, both of Kenison, Dudley & Crawford, LLC, of Greenville, for Appellants.

Stephanie Holmes Burton, of Gibbes Burton, LLC, of Spartanburg, for Respondent.

**PER CURIAM:** This professional negligence action arises out of Kevin and Courtney McCarthy's allegation that S&ME, Inc. (S&ME) failed to identify an active deep seated slope failure during a geotechnical investigation it conducted on and around their lakefront lot at Jasmine Cove of the Cliffs at Keowee Falls South. The McCarthys appeal the circuit court's denial of their motion to amend as well as the grant of S&ME's motion for summary judgment and subsequent denial of the McCarthys' motion to alter or amend. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the circuit court erred in denying the McCarthys' motion to amend: *Health Promotion Specialists, LLC v. S.C. Bd. of Dentistry,* 403 S.C. 623, 632, 743 S.E.2d 808, 813 (2013) (finding the circuit court properly denied party's motion to add a cause of action to its complaint because amendment did not occur until three years after filing of complaint and undertaking of extensive discovery, particularly when there were no significant factual developments that warranted the untimely amendment); *Jennings v. Jennings*, 389 S.C. 190, 209, 697 S.E.2d 671, 681 (Ct. App. 2010) *rev'd on other grounds*, 401 S.C. 1, 736 S.E.2d 242 (2012) ("Although leave to amend should generally be 'freely given,' this court has held that it may be denied where the proposed amendment would be futile."); *Collins Entm't, Inc. v. White*, 363 S.C. 546, 562, 611 S.E.2d 262, 270 (Ct. App. 2005) ("The prejudice that Rule 15[, SCRCP] envisions is a lack of notice that the new issue is to be tried and a lack of opportunity to refute it." (citing *Tanner v. Florence Cnty. Treasurer,* 336 S.C. 552, 558–59, 521 S.E.2d 153, 156 (1999))); *Ball v. Canadian Am. Exp. Co.*, 314 S.C. 272, 275, 442 S.E.2d 620, 622 (Ct. App. 1994) ("Prejudice occurs when the amendment states a new claim or defense that would require the opposing party to introduce additional or different evidence to prevail in the amended action."); *Johnson v. Oroweat Foods Co.,* 785 F.2d 503, 510 (4th Cir. 1986) (finding prejudice can result when a proposed amendment is offered shortly before or during trial and raises a new legal theory that would require gathering and analysis of facts not already considered by opposition).

2. As to whether the circuit court erred in granting SM&E's motion for summary judgment: *Oblachinski v. Reynolds*, 391 S.C. 557, 561, 706 S.E.2d 844, 845–46 (2011) (citation omitted) ("An essential element in a cause of action based upon negligence is the existence of a legal duty of care owed by the defendant to the plaintiff. Without a duty, there is no actionable negligence."); *Sapp v. Ford Motor Co.*, 386 S.C. 143, 150, 687 S.E.2d 47, 51 (2009) (emphasizing that "the

exception announced in *Kennedy [v. Columbia Lumber & Mfg. Co.*, 299 S.C. 335, 384 S.E.2d 730 (1989)]* is a very narrow one, applicable only in the residential real estate construction context."); *Jensen v. Anderson Cnty. Dep't of Soc. Servs.*, 304 S.C. 195, 199, 403 S.E.2d 615, 617 (1991) ("An affirmative legal duty [of care] . . . may be created by statute, contract relationship, status, property interest, or some other special circumstance."); *Hurst v. Sandy*, 329 S.C. 471, 480, 494 S.E.2d 847, 851 (Ct. App. 1997) (finding that a licensing statute will not ordinarily provide a basis for a negligence per se action).

3.      As to whether the circuit court erred in finding the McCarthys were not entitled to an award of punitive damages against respondent: *Taylor v. Medenica,* 324 S.C. 200, 220, 479 S.E.2d 35, 46 (1996) (explaining that punitive damages may only be awarded where the plaintiff proves by clear and convincing evidence the defendant's misconduct was willful, wanton, or in reckless disregard of the plaintiff's rights); *Cook v. Atl. Coast Line R.R. Co.,* 183 S.C. 279, 190 S.E. 923, 925 (1937) (finding that there must be an award of actual or nominal damages for a verdict of punitive damages to be supported).

**AFFIRMED.**

**SHORT, LOCKEMY, and MCDONALD, JJ., concur.**